## MABEL MOORE *v.* STATE OF MARYLAND.

*Criminal Law—Review on Appeal—False Pretenses—Evidence —Declarations of Defendant—Cross-Examination.*

An instruction of the trial court is not the subject of review if there was no objection at the time it was given to the jury, nor reservation of an exception thereto.                    p. 300

An exception not mentioned in appellant's brief, and not argued, will be treated as abandoned.                    p. 300

On a prosecution for the obtaining of two bracelets by false pretenses, and for larceny thereof, declarations by defendant, made an hour or two after she obtained possession of the bracelets from a local dealer, that one of them was given her by a man from out of town, were admissible.                    pp. 301, 302

Defendant's acts and declarations, on the day on which she obtained possession of the bracelets, indicating a plan to procure the bracelets in order to pawn or sell them and so secure funds with which to leave the city, and being thus all a part of the same transaction, her declarations, made shortly after obtaining the bracelets, as to how she obtained them, were admissible.                    p. 302

On the cross-examination of the traverser, greater latitude is allowed than is ordinarily the case, and this is largely a matter for the sound judgment of the trial court.                    p. 303

*Decided December 10th, 1925.*

Appeal from the Criminal Court of Baltimore City (Duffy, J.).

Criminal proceeding against Mabel Moore. From the judgment and sentence, defendant appeals. Affirmed.

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, and Parke, JJ.

*Robert F. Leach, Jr.,* with whom were *Wm. S. Taylor, Jr.,* and *Curran & Leach* on the brief, for the appellant.

*Herman Moser, Assistant State's Attorney for Baltimore City,* with whom were *Thomas H. Robinson, Attorney General, John Hubner Rice, Assistant Attorney General,* and *Herbert R. O'Conor, State's Attorney for Baltimore City,* on the brief, for the State.

DIGGES, J., delivered the opinion of the Court.

On February 25th, 1925, the appellant was tried by a jury in the Criminal Court of Baltimore City upon an indictment containing three counts; the first charging the obtention of goods by false pretenses, the second larceny, and the third receiving stolen goods knowing them to have been stolen. The verdict of the jury found her guilty on the first count, but not guilty on the second and third counts. A motion for new trial having been overruled, the judgment and sentence of the court was that she be confined in jail for the period of six months. From that judgment this appeal was taken.

The record contains five exceptions, all being to the rulings of the court on the evidence. The record also contains the following stipulation:

"It is stipulated between the State's Attorney of the City of Baltimore and the counsel for the defendant in the above entitled case that the following is a correct statement of the proceedings immediately following the close of the testimony in the case:

"The attorneys for the State and the traverser then argued the case to the jury.

"Thereupon the court instructed the jury in substance as follows:

"Gentlemen of the Jury: The indictment in this case contains three counts, the first count charges the traverser with false pretenses in the manner therein set forth; the second charges the traverser with larceny in the manner therein set forth; the third count charges the traverser with receiving stolen goods. There is no

evidence in the case to sustain a conviction under the third count of the indictment in this case, charging receiving stolen goods, and therefore the verdict of the jury should be not guilty on the third count. Your verdict may be guilty on the first count, not guilty on the second count; or not guilty on the first count, guilty on the second count; or your verdict may be not guilty."

The entire argument in the brief, with the exception of one paragraph of six lines, as well as the oral argument, is a contention on behalf of the appellant that there was error in the instruction of the trial court as set out in the above stipulation. This contention raises a question which is not before us, for the reason that the record fails to disclose any objection by the appellant at the time the instruction was given to the jury, or the reservation of an exception thereto. Mr. Poe in his work on *"Practice,"* sec. 212, in discussing bills of exception, states: "But for any error not apparent upon the record, such as refusal to instruct a jury as requested, or for erroneous instruction, or for an erroneous ruling in admitting or excluding evidence, the only mode by which the question can be brought into the record, so as to be open for examination in the appellate court, is by bill of exceptions duly reduced to writing and signed." The frequency with which this Court has announced and applied the rule as stated by the learned author, makes it unnecessary for us at this time to enter into any discussion in respect thereto, it being only necessary to refer to section 10 of article 5 of Bagby's Code of 1924, being Rule 4 of this Court, and the numerous cases cited in the annotations to that section.

As stated, the appellant has made practically no contention for a reversal of the judgment on the ground of error by the lower court in its rulings upon the evidence. It is, however, stated in her brief: "The court below erred in overruling objections to the questions embraced in the first, second, third and fourth bills of exception." No mention of the fifth exception being there made, and it not having been

argued in this Court, we will treat it as abandoned, but at the same time expressing the opinion that after an examination we are unable to see upon what theory the question embraced in that exception could have been excluded.

The questions considered in the first three bills of exception relate to objections by the appellant to rulings of the court in allowing certain questions to be asked Mrs. Marchant, a State witness, as to a conversation between Mrs. Marchant and the appellant on the morning of December 2nd, shortly after the bracelets were obtained from Bucher & Co. This witness had testified that she was employed by Goldsmith-Stern & Co., whose store on Lexington Street was frequently visited by the appellant, and that on the morning of December 2nd the appellant came to the store. She was then asked: "Now, then, suppose you tell the court and jury under what circumstances you saw her, and what if any conversation you had with her relative to a bracelet she displayed?" This question was objected to, which objection being overruled, the witness answered: "Well, she came there to pay me for a dress that she had purchased a few days before. And she opened her pocket book and gave me the money for the dress that she had purchased, and then she said, 'I have a lovely bracelet, my beau gave it to me,' and that is all I know of the situation." Subsequently the witness was asked by the State: "Was there any conversation with reference to the beau that had given her that bracelet at that time? A. Yes, sir. Q. What was it? To which latter question objection was made, and being overruled, the witness answered: "Well, she just showed me this lovely bracelet that her beau had brought down and had given it to her. He was an out-of-town man. That is all that I know." The witness then stated that the appellant told her that she was going to the pictures, or some other place, that she was going away. Whereupon the following question was asked: "With whom, and where?" To which question the appellant objected, and upon being overruled, the witness answered: "Well, I don't know that." These questions and answers form

the first, second and third bills of exception. As to the third, it is clear that even if it could be said the question was not admissible, the answer of the witness that: "Well, I don't know that," could not have injured the appellant. As to the first and second exceptions, the record discloses that the appellant was charged with having obtained from Fred Bucher two bracelets by false pretenses, or had stolen them; that at the time she received them she had told Bucher that her stepfather desired to make her mother a Christmas present and had commissioned her to make the purchase, and she (the appellant) desired to take the two home for her stepfather to approve her choice or make a selection himself. This transaction had occurred only an hour or two before, on the same day that she had the conversation with the witness Mrs. Marchant, and, at the time of the conversation, she was displaying one of the bracelets which she was afterwards charged with having stolen or obtaining by false pretenses. (The record discloses that the other bracelet had been pawned between the time of this obtention and the conversation with Mrs. Marchant.) It must be remembered that at the time this evidence was given she was being charged with the larceny of the article which she had in her possession at the time of her conversation with the witness, and any declarations which she made, as to how she came into the ownership or possession of the article, would be admissible.

Again, the record discloses that the purpose of the appellant was to obtain these bracelets so that she might sell or pawn them and by that means procure funds to leave Baltimore City, which she did on the same day that she obtained them, and shortly after her conversation with the witness. A reading of the record conclusively shows that her acts and declarations, from the time of her leaving her stepfather's home until she left Baltimore in the evening of the same day, indicated a well-conceived plan and were all a part of the same transaction. We are of the opinion that there was no error in allowing these questions and answers. *Hoch-*

*heimer's Criminal Law,* secs. 173-174; *Lamb v. State,* 66 Md. 285; *Robinson v. State,* 57 Md. 14.

The question which is the subject of the fourth bill of exception was asked the appellant on cross-examination, she having previously testified that the $500 which she obtained by pawning the first bracelet in Baltimore was just about gone when she arrived in Los Angeles, and she made up her mind to get rid of the other bracelet. The witness was asked: "Q. And you say that the man out there would not give you any more than $300 on it because it was not worth any more? A. That is what he said. That it was not worth any more than $300. Q. And yet that very same man told you, in the presence of the detective, that he had sold that same bracelet to another man for $1,100 on the 31st of December?" This question was objected to, and overruled, the answer of the witness being, "yes, he did." It is rather difficult to understand the purpose of this question, and equally difficult to see how the question and answer could have in any way injured the appellant. It was asked the traverser upon cross-examination, and the rule is well established that under such circumstances greater latitude is properly allowed and must be left largely to the sound judgment of the trial court. If it were clear that this question was entirely irrelevant, it still would not be of sufficient importance to cause a reversal, unless it might influence the jury to the damage of the appellant. As we have already said, this is not and could not have been the case.

Finding no error in the rulings of the court on the questions presented by the record, the judgment must be affirmed.

*Judgment affirmed, with costs.*