HARRY C. JONES *vs.* STATE OF MARYLAND.

*Abortion—Evidence.*

On an indictment under section 2, of ch. 179 of the Acts of 1868, charging that the traverser "did knowingly use, and cause to be used, certain means" for the purpose of unlawfully causing a miscarriage and abortion, letters written by the traverser to the female, one of which contained minute directions as to how a bottle of ergot that accompanied it, should be taken, and proof by the female that she administered to herself the drug sent to her by him, and in other respects also followed the instructions given by him, are admissible in evidence, although he was not present when she took the drug, and did the other things which he advised her to do.

A conversation between the traverser and the girl, in which she stated, upon his charging her with not having complied with his advice, as contained in the letters, that she had done so, but without producing the desired effect, is also admissible.

APPEAL from the Circuit Court for Carroll County.

The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, BRYAN, and Mc-SHERRY, J.

*Isaac E. Pearson,* for the appellant.

*D. N. Henning, State's Attorney for Carroll County,* and *Wm. Pinkney Whyte, Attorney-General,* for the appellee.

McSHERRY, J., delivered the opinion of the Court.

The appellant was indicted under *section 2 of chapter 179 of the Acts of* 1868, for that he "did knowingly use

Jones *vs.* State.

and cause to be used certain means'' for the purpose of unlawfully causing the miscarriage and abortion of one Margaret Oursler. There are two counts in the indictment, and they differ only in the averments respecting the means used to accomplish the criminal purpose. The two exceptions which were taken during the trial present substantially the same question. The State's Attorney offered in evidence several letters written by the traverser to the girl Margaret Oursler, and then proved by her, that ''in compliance with one of said letters'' she administered to herself, out of the presence of the traverser, the drug sent to her by him, and in other respects also followed the instructions given by him. She further proved, that afterwards the traverser said to her she had not complied with his advice as contained in the letters, to which she replied that she had done so, but without producing the desired effect. These letters and this conversation were objected to, and their admission in evidence forms the ground of the two exceptions. We cannot set out these letters, or even· give the substance of some of them—their coarse indecency is shockingly vile. It is sufficient to say, that accompanying one of them the traverser sent to the girl a bottle of ergot, with written instructions to take the drug at once, and with minute directions as to how it must be taken. At the same time he named what other means she should resort to. He now insists that as he was not actually present when she did take the drug, and did do the other things which he advised her to do, he cannot be convicted, and that this evidence should have been excluded. He insists further, that his conduct amounted only to soliciting her to do the act herself. This is utterly untenable. He furnished her the drug, and urged and directed her to take it for the express pur-

pose of producing an abortion; and she accordingly took it. This was knowingly using and causing to be used by him a means for the purpose of unlawfully causing a miscarriage and abortion; and is directly and distinctly within the words and intention of the statute. Any other conclusion would render the Act of Assembly entirely nugatory. The rulings of the Circuit Court were entirely correct.

The case of *Lamb vs. The State*, 66 *Md.*, 285, has no application here. The second count of the indictment in that case, which was the only count before this Court, and therefore the only one which was reviewed, was not framed under the Act of 1868, and did not charge an offence punishable by it.

Finding no errors in the rulings excepted to, those rulings are affirmed, and the cause will be remanded that the traverser may be sentenced.

*Rulings affirmed, and*
*cause remanded.*

(Decided 1st March, 1889.)