## LEO CALLAHAN *v.* STATE OF MARYLAND
### [No. 23, January Term, 1938.]

*Decided March 8th, 1938.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*J. DeWeese Carter*, with whom was *William J. Rickards* on the brief, for the appellant.

*Herbert R. O'Conor*, Attorney General, *Hilary W. Gans*, Deputy Attorney General, and *Layman J. Redden*, State's Attorney for Caroline County, submitting on brief, for the State.

MITCHELL, J., delivered the opinion of the Court.

The indictment in this case is based upon the alleged violation of section 369 of article 6 of the Code of Public Local Laws, prohibiting the sale of liquor and intoxicating drinks in Caroline County; said section being a codification of a part of the Acts of 1910, ch. 34, p. 679, and having been amended by subsequent legislation to the extent of permitting the sale in said county, for beverage purposes, of beer, ale, and porter containing one-half of one per centum or more of alcohol by volume, but not more than 3.2 per centum of alcohol by weight. For amendatory legislation, see Acts of 1933, ch. 523, and Acts of 1933, Ex. Sess., ch. 68.

Article 2B of the Code of Public General Laws (Supp. 1935) is a codification of chapter 2 of the Acts of 1933, Extra Session, and is a regulatory law designed to permit and to regulate the sale of or traffic in intoxicating liquors in those parts of the state to which its provisions apply.

The appellant was indicted on October 5th, 1937, in said county for the sale of "two one-half pints of spiritu-

ous, vinous, malt or fermented or other intoxicating liquors." To that indictment he pleaded not guilty, was tried and convicted by a jury, and was sentenced to the Maryland House of Correction for a term of six months. This appeal is from that judgment.

The record presents eight exceptions to rulings of the trial court upon the admission of evidence, and one to the action of the court in overruling the traverser's motion in arrest of judgment.

The latter motion was made after the verdict of guilty was rendered, and before sentence, and in substance submitted: (a) That the trial court was without proper jurisdiction to determine the issue involved in the case, and to try and pass judgment thereon; and (b) that prior to and at the time of the finding of the indictment by the grand jury, and of the trial of the defendant and rendition of the verdict in the case, there was an outstanding criminal warrant issued by a justice of the peace of Caroline County, charging the traverser with the same offense alleged in the indictment, which warrant was, at the time of the trial and motion, pending on the criminal appeal docket of the lower court. The latter reason for the motion was not pressed in this court, and is therefore considered as having been abandoned.

It is the contention of the appellant that the jurisdictional question designed to be raised by the above motion was properly before the trial court, and is properly before this court, because section 369 of article 6, Code Pub. Loc. Laws, was repealed by the enactment of chapter 2 of the Acts of the Extra Session of 1933, now codified as article 2B, as above set forth. And the theory of that contention is upon the reasoning found in the respective opinions in *Close v. Agricultural Assn.*, 134 Md. 629, 108 A. 209, and *Green v. State*, 170 Md. 134, 183 A. 526.

That question, however, in so far as it concerns the decision in this case, is now a moot one, due to the fact that, since this case was argued before us, this court has declared that the local and general laws above men-

tioned are not inconsistent, to the extent that the former is repealed by the latter. The case referred to as being decisive of the jurisdictional issue raised in this case is that of *Thomas v. State*, 173 Md. 676, 197 A. 296, 299, 1938, and the facts in that case bear such close analogy to the facts in the instant case as to justify reference thereto.

In that case, Thomas, the traverser, was indicted under section 369 of article 6, Pub. Loc. Laws, for the unlawful sale of one pint of liquor in Caroline County; the alleged sale having been made on the same date as alleged in the indictment now under consideration, and the case having been tried at the same term of the Circuit Court for Caroline County at which this case was tried. The phraseology appearing in the two indictments, except as to the respective names of the traversers and the description of the packages of liquor sold, is identical.

It would be a useless prolongation of this opinion to attempt to reproduce here what has been already stated by this court in the exhaustive and lucid opinion filed by Judge Offutt in the cited case. Suffice to say, after carefully construing the various provisions of article 2B of the Code, in so far as they affect the local statute prohibiting the sale of liquor and intoxicating drinks in Caroline County, Judge Offutt concludes as follows: "Chapter 2, Extra Session Acts 1933, is not therefore inconsistent with, but complementary to, Code Pub. Loc. Laws, art. 6, sec. 369, and the latter act is, except in so far as it prohibits the issuance of a wholesaler's license in Caroline County or is inconsistent with chapter 523, Acts 1933, and chapter 68, Acts 1933, Ex. Sess., in full force and effect."

It may be added that in the *Thomas* case, upon demurrer, the indictment was held to be duplicitous, and therefor fatally bad. The latter question is not, however, before us in the instant case, because here no demurrer was filed. Code Pub. Gen. Laws, art. 5, secs. 86 and 10, art. 27, sec. 553 (533).

As all of the exceptions to rulings of the trial court

on evidence involve the same principle or question, they will be considered together.

At the trial below the State produced two witnesses who testified that on the evening of September 18th, 1937, the date charged in the indictment, the traverser sold to G. Hammond Myers, Jr., one of the witnesses, in the presence of J. Walter Banks, the other witness, two one-half pints of Calvert Special liquor, which said liquor was shown by subsequent testimony to contain 44.26 per cent. alcohol by volume. These witnesses further testified that the sale was consummated in the filling station and place of business conducted by the traverser, and that, during the interval in which they remained at the scene of the transaction, they observed the traverser make a sale of a package of similar liquor to three other persons.

The aforegoing testimony was followed by that of G. Murray Phillips, another State witness, who testified that on August 25th, 1937, while en route from Salisbury to Baltimore, he passed the place of business of the traverser, and noticed a Chevrolet coach standing under the porch in the driveway near the front door of the filling station; that the porch was built adjacent to the main building, and the gas pumps of the filling station were in front of it; that, at the time he noticed the car, three men were standing in the rear of it, and the lid of the trunk was up, one of the men being the defendant; that after passing the premises he decided to return, and that upon his return the lid to the trunk had been put down; that he inquired of the defendant what was in the car, looked in it, and found some cases of liquor; that the traverser admitted the ownership of the car and the liquor, the quantity of which was shown by the witness to consist of five broken cases in the front section of the car. The witness further testified that when he first passed the filling station he saw from three to five cases of liquor in the back of the car, but stated that he could not verify the quantity because, when he returned to the car, the lid was down; that the traverser told him where he

bought the liquor, and that it was tax paid as to both federal and state taxes.

On cross-examination the witness qualified his testimony in chief by stating that what he saw in the back of the car were marked whisky cases, he did not know what they contained; that the contents of the cartons in the front of the car consisted of three brands of liquor, two of which were sloe gin and Calvert Special whisky, contained in pint and half-pint bottles; and that he saw no evidence of the sale of liquor while he was at the defendant's place of business.

As indicated, the admission of the aforegoing testimony, over objection, is the subject of the first eight exceptions; it being urged by the defendant that all of the testimony of the witness Phillips should have been excluded: (a) because it tended to inject into the case the commission of a prior offense by the defendant, and thereby divert the minds of the jury from the true issue; and (b) because the testimony failed to show that the liquor was found in the storehouse of the traverser where the alleged sale was made, and that it did show that the possession was on a date remote from the date of the alleged sale.

The defendant, testifying on his own behalf, admitted that he conducted the filling station referred to by the witness Phillips, stating that he was licensed to sell beer and groceries at that place, and that his home was a short distance from the filling station; that he recalled the visit of Phillips to his place of business on August 25th, 1937; and that on that occasion he had two cases of groceries in the back of his car which he had purchased for use in his store. He explained that the cartons testified to by the witness as being in the front of his car contained approximately two gallons of whisky and one gallon of wine, which he had purchased from a licensed dealer for his personal use, some of which liquor was the brand known as "Calvert"; that he had no sloe gin in the car, but that the cases containing the groceries were original sloe gin cases.

In the case of *Curry v. State,* 117 Md. 587, 83 A. 1030, the traverser was indicted under a local law prohibiting the sale of spirituous or fermented liquors in Harford County; that alleged sale having been made on the 1st day of August, 1911. The trial court, in that case, over objection, admitted testimony tending to show that, during the months of May and June preceding, the prosecuting witness had made purchases of liquor from the traverser. The prior sales were made within the dwelling house of the defendant, as was the sale for which she was indicted, and this court held that the evidence was properly admitted.

It is urged that the decision in that case is not controlling in this case, because the witness Phillips definitely testified that he saw no evidence of sale, and furthermore, that the liquor which he testified as having seen in the defendant's possession was not in the store or filling station where the sale charged in the indictment was made. The distinction between the two cases is apparent.

In the leading case of *People v. Sharp,* 107 N. Y. 427, 14 N. E. 319, the general rule as to the admission of testimony of former offenses in the trial of a defendant is thus stated: "When a man is put upon trial for one offense, he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone, and that, under ordinary circumstances, proof of his guilt of one or a score of other offenses in his life-time is wholly excluded."

Stated differently, under our system of jurisprudence, the rule is, that evidence of a distinct substantive offense cannot be admitted in support of another offense. This is but the reiteration of the more extensive general rule that, in all cases, civil or criminal, the evidence must be confined to the point in issue. *Farris v. People,* 129 Ill. 521, 21 N. E. 821. The application of the rule results in the exclusion of all evidence of collateral facts or of those which are incapable of affording any reasonable presumption or inference as to the principal fact or mat-

ter in dispute; the reason being that such evidence tends to divert the minds of the jury from the real point in issue, and arouse their prejudices. Moreover, the adverse party would not be given notice by the charges in the indictment as to what evidence would develop as to such collateral crimes. *Janzen v. People,* 159 Ill. 440, 42 N. E. 862.

This rule, however, is subject to a well-recognized exception, as firmly established as the rule itself, as "when the proof shows such connection between the different transactions as raises a fair inference of a common motive in each." In other words, if evidence is admissible on other general grounds, it is no objection that it discloses other offenses. The real test of admissibility is the connection of the fact proved with the offense charged, as evidence which has a natural tendency to establish the fact at issue should be admitted. *Curry v. State, supra; Wentz v. State,* 159 Md. 161, 150 A. 278; *Lamb v. State,* 66 Md. 285, 7 A. 399; *Cothron v. State,* 138 Md. 101, 113 A. 620; *McAllister v. State,* 140 Md. 647, 118 A. 147; *Wharton's Crim. Evid.* (11th Ed.) vol. 1, sec. 345.

All of what has been above stated, however, relates to the admission of evidence of other and distinct offenses, and not to the admission of evidence of facts not indicative of another offense but having a tendency to prove, or a bearing upon, the fact at issue; such as the evidence here assailed bears toward the offense with which the traverser is charged.

As a matter of fact, the testimony of the witness Phillips did not reveal any other offense as having been committed by the defendant, because it affirmatively showed that no sale of liquor on that occasion was made. What it did tend to prove was the possession of liquor by the defendant at his place of business, and at a period not unreasonably remote from the date on which the alleged sale was made. In 33 *C. J.* 752, sec. 492, it is stated: "On a trial for * * * carrying on the business of a liquor dealer or other like offense in violation of the liquor

laws, evidence as to the defendant's ownership or possession of intoxicating liquors * * * at or within a reasonable time before or after the alleged offense, is ordinarily admissible, unless it refers to a time after the beginning of the prosecution. Unless such evidence is too remote in time to be admissible, the disparity in time between it and the time of the alleged offense affects only its weight or probative value. In a prosecution for an illegal sale or disposition of liquor, evidence of ownership or possession is admissible only in corroboration of other evidence as to the fact of a sale, and hence is incompetent and irrelevant, for the purpose of showing whether or not an unlawful sale or disposition was made, unless it is introduced in connection with other evidence of such sale or disposition."

Applying this principle to the case before us, and bearing in mind that the gist of the testimony of Phillips was directed toward establishing possession of spirituous liquor by the defendant, at a period within one month prior to the date of the alleged sale, and not towards proving another offense against him, we are of the opinion that its admission was proper.

It is true the alleged liquor was not found to be actually stored within the premises in which the subsequent alleged sale as charged in the indictment was made, but that circumstance was a question for the jury. The testimony showed that the defendant's car was at his place of business, and that the liquor was contained in one pint and one-half pint bottles, or in packages adapted to the more convenient conduct of traffic therein. It was his legal right to deny the possession, or explain his reason for it, and this he did. The full weight of his explanation was therefore before the jury.

Finding no error in the rulings of the trial court, the judgment will be affirmed.

*Judgment affirmed, with costs.*