*Teddy Shannon v. State of Maryland*
No. 46, September Term 2019

**Criminal Procedure – Charging Document – Firearms Offense – Effect of Drafting Error**.  A count of the indictment alleged a violation of Maryland Code, Public Safety Article ("PS"), §5-133(c), which prohibits a person from possessing a regulated firearm after having been convicted of certain enumerated crimes – a list that is tabulated in three subparts.  In describing a predicate conviction, that count of the indictment provided specific identifying information concerning the defendant's prior conviction for possession with intent to distribute a controlled substance, one of the enumerated offenses under PS §5-133(c)(1)(ii), but also included the phrase "crime of violence," a collective phrase that includes 19 other enumerated offenses under PS §5-133(c)(1)(i) but not possession with intent to distribute a controlled substance.  At trial, the defendant stipulated that he had been previously convicted of an offense that prohibited him from possessing a regulated firearm and, accordingly, that element of the offense was not at issue before the jury.  The drafting error in that count of the indictment did not mean that the count failed to allege a cognizable offense or to show jurisdiction in the circuit court.  Neither Article 21 of the Maryland Declaration of Rights nor Maryland Rule 4-202(a) concerning the content of charging documents in criminal cases required reversal of the defendant's conviction.  Nor was it necessary to amend the indictment with the consent of the defendant pursuant to Maryland Rule 4-204.  To the extent that the defendant otherwise objected to the drafting error in the indictment, that objection was waived because the defendant failed to raise it in the trial court.

Circuit Court for Baltimore City
Case No. 117013002
Argument: February 7, 2020

IN THE COURT OF APPEALS
OF MARYLAND

No. 46

September Term, 2019

_____

TEDDY SHANNON

V.

STATE OF MARYLAND

_____

McDonald
Watts
Hotten
Getty
Booth
Biran
Greene, Jr., Clayton
(Senior Judge, Specially
Assigned),
JJ.

_____

Opinion by McDonald, J.

_____

Filed: April 24, 2020

Pursuant to Maryland Uniform Electronic Legal Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document
is authentic.



Suzanne C. Johnson, Clerk

A charging document in a criminal case establishes the field of play. Among other things, it must provide adequate notice of the offense charged. That requirement functions both prospectively – allowing a defendant to understand what must be defended, to challenge the legal sufficiency of the charges, and to prepare for trial – and retrospectively – to allow a court to impose an appropriate sentence upon conviction and to protect the defendant from a second prosecution for the same offense. A charging document that fails to give adequate notice can be akin to moving the goal posts after the game has begun.

This case is about whether a drafting error in an indictment resulted in inadequate notice of the alleged offense that deprived the trial court of jurisdiction. Petitioner Teddy Shannon was charged in the Circuit Court for Baltimore City with, among other offenses, unlawful possession of a regulated firearm by a person who had previously been convicted of a predicate offense. While the pertinent count of the indictment accurately stated detailed information about a prior conviction that prohibited Mr. Shannon from possessing a firearm – namely, the specific offense (possession with intent to distribute a controlled substance), the case number, and the date of that conviction – it also inaccurately referred to that conviction as a "crime of violence." That error went unnoticed in the Circuit Court, perhaps because Mr. Shannon stipulated before the jury that he was prohibited by a prior conviction from possessing a regulated firearm and disputed only whether he had possessed the firearm specified in the indictment. The jury found Mr. Shannon guilty of the firearms offense.

On appeal, Mr. Shannon has sought to overturn his conviction on the firearms count, arguing that the additional language in that count meant that the count failed to charge him with a crime and that the trial court lacked jurisdiction to adjudicate that count.  The Court of Special Appeals declined to vacate his firearms conviction on that basis – and so do we, although with somewhat different reasoning.

# I

# Background

### A.     *Content and Amendment of a Charging Document*

*Standards for Charging Documents*

Under Article 21 of the Maryland Declaration of Rights, a defendant in a criminal case is entitled to be informed in the charging document of the offenses that the defendant allegedly committed.[1]   This requirement serves several purposes:  (1) to notify the defendant as to what is to be defended; (2) to enable the defendant to prepare for trial; (3) to allow the court to consider the legal sufficiency of the charging document; (4) upon a conviction, to allow the court to impose an appropriate sentence; and (5) to protect the defendant against multiple prosecutions for the same offense and thereby vindicate the proscription against double jeopardy.  *Ayre v. State*, 291 Md. 155, 163 (1981).  To carry out these purposes, a charging document must (1) adequately characterize the crime

---

[1] Article 21 states "[t]hat in all criminal prosecutions, every man hath a right to be informed of the accusation against him; to have a copy of the Indictment, or charge, in due time (if required) to prepare for his defence …."

charged and (2) describe the specific conduct on which that charge is based. *Id.* at 163-64; *see also Counts v. State*, 444 Md. 52, 57-58 (2015).

To further the constitutional guarantee, the Maryland Rules set standards for the content and amendment of a charging document. In particular, Maryland Rule 4-202(a) requires, among other things, that a charging document "contain a concise and definite statement of the essential facts of the offense with which the defendant is charged and, with reasonable particularity, the time and place the offense occurred." *See, e.g.*, *Edmund v. State*, 398 Md. 562, 575-76 (2007) (charging document that complied with Rule 4-202(a) satisfied purpose of Article 21); *State v. Mulkey*, 316 Md. 475, 480-82 (1989) (analyzing "reasonable particularity" standard of Rule 4-202(a) in relation to Article 21).

The Rules allow for amendment of a charging document as follows:

> On motion of a party or on its own initiative, the court at any time before verdict may permit a charging document to be amended *except that if the amendment changes the character of the offense charged*, the consent of the parties is required. If amendment of a charging document reasonably so requires, the court shall grant the defendant an extension of time or continuance.

Maryland Rule 4-204 (emphasis added). As is evident, an amendment that is a matter of form can be accomplished by the State with the permission of the trial court. In contrast, if an amendment affects a matter of substance and would "change the character of the offense charged" – for example, a substantive change to an element of the crime charged in an indictment – the amendment may be made only with the defendant's consent. *See Johnson v. State*, 358 Md. 384, 387-92 (2000) (tracing history of Rule 4-204); *see also Thompson v. State*, 412 Md. 497, 516-17 (2010) (holding that amendment that corrected

precise date and location of the charged offense did not change character of the offense); *Counts*, 444 Md. at 65-66 (listing examples of cases in which an amendment changed the character of the offense charged). This rule allows only for "changes, alterations, or modifications to *an existing charge*"; if the State intends to charge a defendant with additional offenses, it must file a new or additional charging document. *Johnson v. State*, 427 Md. 356, 375 (2012) (emphasis in original; citation and quotation marks omitted).

*Challenges to Sufficiency of Charging Document*

As a general rule, if a defendant wishes to raise a defect in the charging document, the defendant must file a motion based on that defect "within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the court"; otherwise, the defect is waived. Maryland Rule 4-252(a)(2), (b). There is an exception to this requirement if, as a result of the defect, the charging document fails "to show jurisdiction in the court or … to charge an offense"; in that case, the defect may be raised "at any time." Maryland Rule 4-252(a)(2), (d). To a certain extent, these two exceptions amount to the same thing, for if a charging document fails to charge a cognizable crime, a court "lacks fundamental subject matter jurisdiction to render a judgment of conviction…." *Williams v. State*, 302 Md. 787, 792 (1985); *see also Townes v. State*, 314 Md. 71, 74 (1988).

**B.** **The Offense of Possession of a Firearm by a Prohibited Person**

Title 5 of the Public Safety Article defines a category of "regulated firearms" – essentially handguns and certain assault weapons – and regulates the possession, sale, and transfer of such firearms. Maryland Code, Public Safety Article ("PS"), §5-101 *et seq.*

4

The statute prohibits the possession of a regulated firearm by various categories of individuals. PS §5-133(b).[2] It is a criminal offense for an individual who has previously been convicted of certain crimes to violate that prohibition. PS §5-133(c). As a shorthand, we will refer to an individual subject to that prohibition as a "prohibited person."

The statute groups predicate convictions into three categories. Those categories are as follows:

(1) Conviction of a "crime of violence," defined to include 19 offenses under State law.[3] PS §5-133(c)(1)(i).

---

[2] The history of these provisions, as well as certain other firearms laws, is recounted in some detail in *Oglesby v. State*, 441 Md. 673, 689-94 (2015).

[3] Section 5-101 defines "crime of violence" as:

(1) abduction;
(2) arson in the first degree;
(3) assault in the first or second degree;
(4) burglary in the first, second, or third degree;
(5) carjacking and armed carjacking;
(6) escape in the first degree;
(7) kidnapping;
(8) voluntary manslaughter;
(9) maiming as previously proscribed under former Article 27, §386 of the Code;
(10) mayhem as previously proscribed under former Article 27, §384 of the Code;
(11) murder in the first or second degree;
(12) rape in the first or second degree;
(13) robbery;
(14) robbery with a dangerous weapon;
(15) sexual offense in the first, second, or third degree;
(16) home invasion under §6-202(b) of the Criminal Law Article;
(17) a felony offense under Title 3, Subtitle 11 of the Criminal Law Article;

(2) Conviction of certain drug offenses. PS §5-133(c)(1)(ii). Nine offenses are listed in the statute.[4] Pertinent to this case, possession with intent to distribute a controlled substance, in violation of Maryland Code, Criminal Law Article ("CR"), §5-602, is among those offenses.

(3) Conviction of an out-of-state or federal offense equivalent to an offense in the first two categories. PS §5-133(c)(1)(iii).

The gravamen of the offense defined in PS §5-133(c)(1) is the possession of a regulated firearm. The unit of prosecution is the firearm. Thus, a prohibited person may be charged with a separate count of that offense for each regulated firearm that the person possesses, even if the person has only one predicate conviction. *See Snyder v. State*, 210 Md. App. 370, 395-98 (2013), *cert. denied*, 432 Md. 470 (2013). On the other hand, if the prohibited person possesses only one regulated firearm, he or she has committed only one violation of the statute, regardless of whether the prohibited person was previously convicted of one predicate offense or a dozen predicate offenses. *See Melton v. State*, 379 Md. 471, 484-502 (2004).

---

(18) an attempt to commit any of the crimes listed in items (1) through (17) of this subsection; or
(19) assault with intent to commit any of the crimes listed in items (1) through (17) of this subsection or a crime punishable by imprisonment for more than 1 year.

[4] At the time of the offense alleged in the indictment in this case, PS §5-133(c)(1)(ii) listed seven offenses. A 2018 amendment of the statute added two others. Chapter 143, Laws of Maryland 2018. That amendment does not affect the issues before us or our analysis of those issues.

A person who possesses a regulated firearm following a conviction of any of the offenses listed in PS §5-133(c)(1) is guilty of a felony and may be sentenced to up to 15 years' imprisonment and may be subject to a mandatory minimum sentence of five years' imprisonment. PS §5-133(c)(2)-(3).

## C. The Prosecution of Mr. Shannon

At a trial in the Circuit Court for Baltimore City, Mr. Shannon was convicted of two offenses – threatening arson and a firearms offense – related to an altercation near his residence on December 10, 2016. The issue in this appeal concerns an undisputed error in the drafting of the firearms count and does not depend on the sufficiency of the evidence or the particular facts of the case. The underlying facts, as established at trial, are summarized in the opinion of the Court of Special Appeals and there is no need to repeat that discussion here. *See Shannon v. State*, 241 Md. App. 233, 238-40 (2019).

### The Statement of Charges

A Statement of Charges, including a statement of probable cause in support of the charges, was filed in the District Court on December 11, 2016 in connection with Mr. Shannon's arrest as a result of the altercation. Among other things, the Statement of Charges alleged that Mr. Shannon possessed a regulated firearm in violation of PS §5-133(c) and referred to two prior convictions: a conviction for second degree assault, which is a "crime of violence" for purposes of PS §5-133(c) and a conviction for violation of CR §5-602 (possession with intent to distribute). Either of those convictions would have supported the firearms charge under PS §5-133(c).

*The Firearms Count of the Indictment*

On January 13, 2017, Mr. Shannon was charged in a six-count indictment with various offenses related to the altercation. Two counts of the indictment charged Mr. Shannon with illegal possession of a regulated firearm by a prohibited person; each count referred to a different firearm. The count of which he was ultimately convicted read, in pertinent part, as follows:

### FIFTH COUNT

> . . . DEFENDANT, Teddy SHANNON . . . on or about December 10, 2016, in the 1700 block of East 30th Street, in the City of Baltimore, State of Maryland, *having been convicted of a crime of violence, as defined in Public Safety Article, Section 5-101(c), to wit: 05/09/2008, Possession with Intent to Distribute, Case No.: 107312013*, did possess a regulated firearm, to wit: Ruger P90DC, .45 Caliber Handgun, *in violation of Public Safety Article, Section 5-133(c) of the Annotated Code of Maryland*; against the peace, government and dignity of the State.

Indictment at 2 (underlining in original; italicized emphasis added).

As is evident, this count alleged that Mr. Shannon had possessed a particular regulated firearm on a particular date in 2016 in a particular place, after having been convicted in 2008 in a specified case of the crime of possession with intent to distribute a controlled dangerous substance (a violation of CR §5-602). As outlined above, that conviction, pursuant to PS §5-133(c)(1)(ii), disqualified him from possessing a regulated firearm. However, the count also refers to the predicate conviction more generally as "a crime of violence." As also outlined above, a conviction for a "crime of violence" also disqualifies a person from possessing a regulated firearm pursuant to PS §5-133(c)(1)(i), but "crime of violence" is a defined term that does not include the drug offense specified

8

in the Fifth Count. This was clearly a drafting error, but apparently went unnoticed by the parties while the case was in the Circuit Court.[5]

*The Trial*

At trial, the parties entered into a written "Stipulation of Fact" with respect to the predicate conviction element of the firearms charges. That stipulation, which was read to the jury, stated that Mr. Shannon had previously "been convicted of a crime for which he is prohibited from possessing a regulated firearm under Public Safety Article 5-133(c)." The stipulation also made clear that, while Mr. Shannon conceded that he was prohibited from possessing a regulated firearm by a prior conviction, he did not concede that he had possessed such a firearm, which remained a factual issue for the jury.[6]

When the trial court instructed the jury concerning the firearms charges, it reminded the jury of the stipulation that Mr. Shannon was prohibited from possessing a firearm as a result of a previous conviction. In his closing argument, the prosecutor also alluded to the fact that Mr. Shannon was a prohibited person with respect to the firearms charges, without elaborating on why he was prohibited from possessing a regulated firearm. At no time

---

[5] The Sixth Count of the indictment charged Mr. Shannon with a separate violation of PS §5-133(c) involving a "black handgun" and contained the same drafting error in the specification of the disqualifying conviction. However, Mr. Shannon was acquitted of that charge and it is therefore not at issue in this appeal.

[6] It is not uncommon for a defendant in a case involving a charge of possessing a regulated firearm after having been convicted of a predicate offense to stipulate to the prior conviction and thereby avoid exposing the jury to the potential prejudicial effect that a description of the nature of that conviction might have. *See Carter v. State*, 374 Md. 693, 715-22 (2010) (holding that, when a defendant admits or stipulates to previous-conviction element of a firearms offense, the previous conviction should not be described to the jury with particularity).

before or during the trial did Mr. Shannon or his defense counsel raise the issue of the drafting error in the indictment.[7]

After a three-day trial, the jury convicted Mr. Shannon of the Fifth Count charging him with possession of a regulated firearm by a disqualified person and threatening arson, in violation of CR §6-107.[8]  On January 11, 2018, the Circuit Court sentenced Mr. Shannon to 17 years' incarceration – a 10-year sentence on the arson conviction and a consecutive seven-year sentence on the firearms conviction.  The court also ordered him to pay $2,400 in restitution to the victims of the altercation.

*The Appeal*

Mr. Shannon appealed.  In the Court of Special Appeals, Mr. Shannon argued, for the first time, that the Fifth Count of the indictment was fatally defective in establishing the court's jurisdiction because it failed to charge a crime.[9]  The intermediate appellate court, in a reported opinion, affirmed.  *Shannon v. State*, 241 Md. App. 233 (2019).  As an initial matter, the Court of Special Appeals reasoned that, because the Fifth Count included

---

[7] Following Mr. Shannon's indictment, the Assistant Public Defender representing him filed a form omnibus motion that, among many other things, moved that the case "be dismissed because the Criminal Information and/or Indictment is defective."  The motion did not elaborate and it appeared to have no more substance than another portion of the omnibus motion that sought a severance of co-defendants in a case in which there were no co-defendants.  *See Tunnell v. State*, 466 Md. 565, 576 n.9 (2020).

[8] The jury acquitted Mr. Shannon of conspiracy, two assault charges, and another firearms charge related to the altercation in December 2016.

[9] In his appeal, Mr. Shannon also contended that the Circuit Court erred in ordering him to pay restitution.  The Court of Special Appeals rejected that contention.  That issue is not before us.

the phrase "crime of violence" in addition to the specific details of Mr. Shannon's prior drug conviction, it was required to treat the indictment as mistakenly charging illegal possession of a regulated firearm based on a prior conviction for a crime of a violence. The intermediate appellate court concluded that the count contained sufficient detail to charge a crime, but believed that ignoring the phrase "crime of violence" would be equivalent to a substantive amendment of the character of the charge – requiring the assent of the defendant pursuant to Maryland Rule 4-204. It further concluded that, in stipulating that he had committed a crime that prohibited him from possessing a firearm, Mr. Shannon had implicitly agreed to amend the "character of the offense charged" in the Fifth Count.[10]

Neither party was satisfied with the Court of Special Appeals' opinion. Mr. Shannon filed a petition for a writ of *certiorari*, reiterating his argument that the Fifth Count was fatally defective as a result of the drafting error. The State filed a conditional cross-

---

[10] The Court of Special Appeals apparently concluded that there was a "constructive amendment" of the indictment based on Mr. Shannon's implicit consent, although it did not use that phrase. The intermediate appellate court had previously held that action (or, in some instances, inaction) by the prosecution, defense, or court during a criminal trial may result in a constructive amendment of an indictment outside the purview of Maryland Rule 4-204. *See Johnson v. State*, 199 Md. App. 331, 347-49 (2011) (reviewing case law in other jurisdictions and concluding that defendant's request for, or acquiescence in, jury instruction and verdict sheet constructively amended indictment), *rev'd on other grounds*, 427 Md. 356 (2012). In our consideration of that case, we rejected the notion that an indictment could be amended outside the purview of Maryland Rule 4-204, but left open the question whether it was possible to have a constructive amendment under that rule. 427 Md. at 362, 372-76 & n.11.

For its part, the State contends that, while Mr. Shannon's actions would have sufficed to consent to an amendment of the Fifth Count, the drafting error did not require an amendment with the defendant's consent, as correction of the drafting error would not have changed the character of the crime charged.

petition, disputing the conclusion of the intermediate appellate court that the drafting error required that the Fifth Count be amended with the defendant's consent. We granted both petitions.

## II

## Discussion

### A.     *Standard of Review*

There are two questions before us in this appeal:

(1) whether the Fifth Count, notwithstanding the drafting error, charged Mr. Shannon with a cognizable crime; and

(2) whether an amendment pursuant to Maryland Rule 4-204, with Mr. Shannon's consent, was necessary to change the character of the offense charged.

These are both questions of law and, accordingly, we apply the non-deferential *de novo* standard of review. *Davis v. Slater*, 383 Md. 599, 604 (2004); *Cole v. State*, 378 Md. 42, 56 (2003).

We conclude that the Fifth Count charged Mr. Shannon with a cognizable crime under PS §5-133(c)(1) and that it was not necessary to amend that count with Mr. Shannon's consent to change the character of the crime charged.[11]

### B.     *Whether the Fifth Count Charged Mr. Shannon with a Cognizable Offense*

Mr. Shannon did not raise any objection in the trial court to the drafting error in the Fifth Count. Accordingly, his challenge to that count is only properly before us if that

---

[11] Thus, we need not address whether Maryland Rule 4-204 allows for a constructive amendment of an indictment. *See* footnote 10 above.

defect in the indictment means that the Fifth Count failed to show jurisdiction or to charge an offense. Maryland Rule 4-252(a)(2), (d). To that end, he asserts that PS §5-133(c) does not prohibit "possession of a regulated firearm based upon a prior conviction for a crime of violence defined as possession with intent to distribute a controlled dangerous substance." He concludes that the Circuit Court therefore lacked jurisdiction "to inquire into the facts, to apply the law, and to declare the punishment" with respect to the Fifth Count.[12]

As outlined above, not every defect in a charging document deprives a trial court of jurisdiction. Only when the charging document fails to sufficiently describe the charged offense will it be so defective as to not charge a crime. *See Ayre*, 291 Md. at 162-69 (charging document omitted knowledge element of an obscenity offense); *State v. Canova*, 278 Md. 483, 497-500 (1976) (charging documents failed to accurately describe the public employee status of recipients of alleged bribes). A charging document need not be flawless to vest a court with jurisdiction to adjudicate the charge; rather, the charging document must provide the defendant with notice of the nature of the charge and of the basic facts supporting the elements of that charge.

Here, the Fifth Count charged Mr. Shannon with unlawful possession of a regulated firearm, in violation of PS §5-133(c), after having already been convicted of a predicate offense. As indicated above, the gravamen of this offense is the possession of a regulated

---

[12] Based on this conclusion, Mr. Shannon also reasons that his sentence on the Fifth Count was illegal under Maryland Rule 4-345. Because we reject the premise of that argument, we do not discuss the application of Rule 4-345.

firearm. The unit of prosecution is the firearm, regardless of the number of prior predicate convictions. The Fifth Count described in detail the regulated firearm that Mr. Shannon allegedly possessed – a .45 caliber Ruger P90DC – as well as the time and place of possession.

In describing the predicate offense, the Fifth Count stated that Mr. Shannon had previously been convicted of possession with intent to distribute a controlled substance, which is clearly a disqualifying conviction under PS §5-133(c)(1)(ii), and provided the date and case number of that conviction. In light of the specific detail regarding Mr. Shannon's predicate drug offense, the fact that the Fifth Count also inaccurately included the phrase "crime of violence" does not mean that the Fifth Count failed to sufficiently characterize a PS §5-133(c)(1) offense as to deprive the Circuit Court of jurisdiction. Even if that count of the indictment had included more detail about a prior conviction of a crime of violence – such as Mr. Shannon's prior assault conviction described in the original statement of charges – that would not have changed the nature of the offense, as Mr. Shannon would still have faced a single charge under PS §5-133(c)(1) of illegal possession of the Ruger handgun as a prohibited person.[13]  The phrase "crime of violence" was essentially

---

[13] Had the Fifth Count specified two prior disqualifying convictions, it might have been challenged on the grounds of duplicity – in the sense of arguably charging two offenses or two ways of committing one offense – in a single count. But that does not mean that it failed to allege an offense, to establish the jurisdiction of the court, or to properly characterize the offense. *See, e.g.*, *Cooper v. State*, 44 Md. App. 59, 68 (1979) (while criminal information stated two underlying felonies in count alleging that defendant was accessory after the fact and could have been subject to attack in trial court, it did set forth an offense over which the trial court had jurisdiction). The failure to file a timely motion challenging such a defect waives such a challenge. Maryland Rule 4-252(a)(2); *see also Callahan v. State*, 174 Md. 47, 50 (1938).

surplusage that did not deprive Mr. Shannon of fair notice of the charge against him. *See Bridges v. United States*, 346 U.S. 209, 223 (1953) ("The insertion of surplus words in the indictment does not change the nature of the offense charged.").

The Fifth Count satisfied the underlying purposes of Article 21 and Maryland Rule 4-202(a). Mr. Shannon had adequate notice, for purposes of trial and any challenge he wished to make to the sufficiency of the charge, of the regulated firearm he allegedly possessed, the time and place of possession, and at least one prior conviction that prohibited him from possessing that regulated firearm. That charge permitted the Circuit Court to impose the sentence it felt appropriate in compliance with the statute. There is no suggestion that the drafting error renders Mr. Shannon vulnerable to a second prosecution for the same offense.[14]

While unnecessary or inaccurate language in a charging document might create confusion in some cases, the proper vehicle for challenging the presence of that language in this case would have been a timely motion pursuant to Rule 4-252(a). *See Williams*, 302 Md. at 793. Here, however, Mr. Shannon did not object to the drafting error in the Fifth Count while the case was in the Circuit Court and therefore waived any claim of error on that score. *See Robinson v. State*, 353 Md. 683, 703 (1999); *Ford v. State*, 330 Md. 682, 696-98 (1993). Thus, we need not resolve whether the Stipulation of Fact amounted to a

---

[14] For example, if the jury had acquitted Mr. Shannon of the Fifth Count concerning possession of the Ruger handgun, the State could not have attempted to prosecute him under PS §5-133(c)(1) for possession of the same handgun by a prohibited person based on his prior assault conviction – or any other conviction described in PS §5-133(c)(1). In such a case, he would have a valid motion to dismiss based on double jeopardy grounds.

constructive amendment of the Fifth Count with his consent within the purview of Maryland Rule 4-204.

## III

## Conclusion

For the reasons discussed above, we hold that the Fifth Count of the indictment provided Mr. Shannon with sufficient notice of the crime charged in that count and adequately described the specific conduct on which that charge was based. That count charged a cognizable crime and showed the jurisdiction of the trial court. To the extent that the drafting error in the indictment otherwise could be a basis for objection, Mr. Shannon waived any such objection by failing to raise it in the Circuit Court.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE PAID BY PETITIONER.**

16