### JAMES BURNETT v. THE STATE.
#### No. 50. *Decided April 22.*

**Incest — Evidence as to Sexual Acts.** — In prosecutions for incest or for cognate offenses of any class, evidence is admissible of sexual acts between the same parties prior to, or, when indicating continuousness of *illicit* relations, subsequent to, the act specifically under trial.

APPEAL from the District Court of Gonzales. Tried below before Hon. M. KENNON, Special Judge.

The indictment charged appellant, James Burnett, and his daughter, Jeanett Burnett, jointly with incest. At the trial appellant was convicted, and his punishment was assessed at two years in the penitentiary, and Jeanett Burnett, the codefendant, was found not guilty and discharged.

Defendant's bill of exceptions was raised to the action of the court in permitting the witness Betty Rogers, over his objections, to testify to an act of carnal intercourse between them (the parties) witnessed by her at a different time and place to the act testified to by the witness Dan Mixon as having been seen by him; the objection being that the second act was a separate and distinct offense from the one charged by the State, and the testimony was calculated to prejudice the defendant before the jury.

*Glass & Burgess*, for appellant.—The court erred in admitting the testimony of Betty Rogers, for the reason stated in the bill of exceptions. 1 Greenl. on Ev., sec. 53, and note; Blackwell v. The State, 29 Texas Cr. App., 194; McKinney v. The State, 8 Texas Cr. App., 626; Guajardo v. The State, 24 Texas Cr. App., 603; Coward v. The State, 24 Texas Cr. App., 590; Carter v. The State, 23 Texas Cr. App., 508; Mayfield v. The State, 23 Texas Cr. App., 645; Davis v. The State, 23 Texas Cr. App., 210; House v. The State, 16 Texas Cr. App., 25; Welhousen v. The State, 30 Texas Cr. App., 624.

*R. L. Henry,* Assistant Attorney-General, for the State.

SIMKINS, Judge.—Appellant was convicted of incest, and his punishment fixed at two years in the penitentiary, from which he appeals. The sole question raised in the case is, whether the State can prove the crime of incest by evidence of more than one act. This is not an open question. It is well settled, that in prosecutions for adultery, or for illicit intercourse of any class, evidence is admissible of sexual acts between the same parties prior to, or, when indicating continuousness of illicit relations, even subsequent to, the act specifically under trial. Whart. Crim. Ev., sec. 35. The testimony tends strongly to establish illicit relations, long continued, between the parties, and, if true, there can be no question of appellant's guilt. The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.