## WILLIAMS v. UNITED STATES.

Court of Appeals of District of Columbia.
Submitted December 7, 1926. Reargued May 2, 1927. Decided May 26, 1927.

No. 4486.

**1. Criminal law ⊙⇒25—One intentionally setting dangerous agency in operation is responsible for consequences.**

Where a person intentionally sets a dangerous agency in operation, he is responsible for the consequences resulting from the act.

**2. Homicide ⊙⇒58—Evidence that wife struck husband with lighted lamp, which broke, and that husband died from burns sustained, held to sustain conviction of wife for manslaughter.**

Evidence that defendant, in a quarrel with her husband, struck him with a lighted lamp, which broke and fell to the floor, where oil ignited, setting fire to rug, and that, in course of scuffle which ensued on the floor, husband's clothes caught fire, causing burns from which he died, *held* to sustain conviction for manslaughter.

**3. Criminal law ⊙⇒666(2)—In homicide case, refusal to require prosecutor to call witness whose name was indorsed on back of indictment held not error (Comp. St. § 1699).**

In prosecution for murder in second degree, refusal of trial court to require district attorney to call as witness one whose name was indorsed on the back of the indictment, as required by Rev. St. § 1033 (Comp. St. § 1699), *held* not error.

**4. Criminal law ⊙⇒1144(14)—Refused instructions on reasonable doubt and presumption of innocence held presumably covered by general charge not in record.**

Where general charge of court was not embraced in record, assignments of error complaining of refusal of requested instructions relating to reasonable doubt and presumption of innocence were without merit, such matters being presumed to have been covered.

**5. Criminal law ⊙⇒1144(14)—Where general charge is not in record, presumption is that court properly instructed on presumption of innocence and reasonable doubt.**

In absence of general charge in record, it will be presumed that court properly instructed on presumption of innocence and rule of reasonable doubt.

**6. Criminal law ⊙⇒829(1)—Court is not required to give requested instructions covered by general charge.**

Court is not required to grant specific prayers for instruction, if subject-matter therein contained is properly covered in general charge.

Appeal from the Supreme Court of the District of Columbia.

Kate Williams was convicted of manslaughter, and she appeals. Affirmed.

R. A. Hughes, of Washington, D. C., for appellant.

Peyton Gordon and Raymond Neudecker, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellant, defendant below, appeals from a conviction in the Supreme Court of the District of Columbia of the crime of manslaughter, under an indictment charging her with murder in the second degree.

It appears that on December 1, 1925, appellant, in a quarrel with her husband, Fred Williams, struck him with a lighted lamp, inflicting burns from which he died on December 7th following. The assault is admitted by the defendant, but the evidence tends to establish that, when deceased was struck by the lamp, it broke and fell to the floor, where the oil ignited, setting fire to a rug. A scuffle ensued on the floor between the defendant and the deceased, where the clothes of the deceased caught fire, resulting in the burns which caused his death.

The indictment charges the defendant with "casting, throwing at, against, and upon him,

the said Fred Williams, of the said lighted lamp as aforesaid, in and upon the body of him, the said Fred Williams, in the manner and form aforesaid, did thereby then and there feloniously, willfully, and of her malice aforethought, give to the said Fred Williams divers certain mortal burns and wounds, of which said mortal burns and wounds the said Fred Williams" died.

[1, 2] It is contended by counsel for defendant that the evidence discloses that death was caused, not from being struck by the lamp, but as the result of the clothes of the deceased becoming ignited during the struggle on the floor. This, however, overlooks the elementary principle of criminal law that, where a person intentionally sets a dangerous agency in operation, he is responsible for the consequences resulting from the act. In other words, the striking of the deceased with a lighted lamp, negligently and intentionally thrown by the defendant, resulting in the igniting of the clothes of the deceased and thereby causing his death, under the circumstances above detailed, is sufficient to support a conviction for the crime of manslaughter.

It is unnecessary to further review the evidence, since it is ample to support the verdict of the jury. This disposes of the assignment of error based upon the refusal of the trial court to direct a verdict for the defendant, on the ground of the insufficiency of the evidence to support a conviction.

[3] Two assignments of error relate to the refusal of the trial court to require the district attorney to call as a witness one Surles, whose name was indorsed on the back of the indictment, and who had been subpœnaed by the government as a witness. There is no obligation resting upon the district attorney, in the trial of a defendant indicted for murder in the second degree, to call a witness under subpœna for the prosecution to testify. Section 1033, R. S. U. S. (Comp. St. § 1699), requires that in capital offenses a copy of the indictment and list of jurors and witnesses shall be delivered to the defendant at least two entire days before the trial, but even in such a case it is not reversible error to permit a witness to testify, where his place of abode has been erroneously stated on the list supplied. Horton v. United States, 15 App. D. C. 310.

In the ordinary criminal trial, the district attorney is entitled to pursue and elaborate his theory of the case, and to exercise his own judgment as to the witnesses to be called. In determining what testimony shall be adduced, his judgment is not to be challenged or interfered with, so long as the rules of evidence and procedure are complied with, and there is nothing in either which required the district attorney in the present case to call a particular witness to testify merely because his name was indorsed upon the indictment.

[4] This brings us to the assignments of error chiefly relied upon by counsel for the appellant, namely, the refusal of the court to grant certain prayers requested. The general charge of the court is not embraced in the record. The only reference to the charge is as follows: "Whereupon the court charged the jury as to the presumption of the defendant's innocence; the requirement that the government prove the charge, including the specific intent, beyond a reasonable doubt; that it was the defendant's act that caused the death of the deceased."

[5, 6] The prayers refused related to the rule of reasonable doubt and the presumption of innocence. It appears that the court in the general charge instructed the jury on both of these subjects, and in the absence of the charge as given it will be presumed that the court properly instructed the jury in respect of these matters. The court is not required to grant specific prayers, if the subject-matter therein contained is properly covered in the general charge. With the presumption in favor of the correctness of the charge, the assignments in the present case are without merit.

The judgment is affirmed.