## THOMPSON v. UNITED STATES.

Court of Appeals of District of Columbia.
Submitted April 1, 1929. Decided
May 6, 1929.

No. 4904.

Cornelius H. Doherty and Frank J. Kelly, both of Washington, D. C., for appellant.

Leo A. Rover and John W. Fihelly, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The appellant was indicted, tried, and convicted in the lower court of the crime of murder in the first degree by purposely and with deliberate and premeditated malice causing the death of one Elsie R. Bowen by means of gunshot wounds. Sentence of death was imposed upon him, and this is an appeal from that judgment.

The record before us is an unusual one. It contains but little of the testimony introduced at the trial below except a certain written confession signed by the defendant. It does not disclose any exceptions taken by the defense to the rulings of the court at the trial except such as relate to the admission in evidence of this confession; nor does it contain any part of the court's instructions to the jury delivered at any time during the trial.

The following are the sole assignments of error by the defense presented to us by the record:

948

(1) The trial judge erred in permitting the alleged confessions to be read to the jury.

(2) That the trial judge erred in refusing to rule that the said confessions were involuntary.

(3) That the trial judge erred in permitting the assistant district attorney to refresh the recollection of the witness, Kelsa L. Potts.

(4) That the trial judge committed prejudicial error in failing to admonish the jurors to refrain from in any way conversing with others concerning the details of the case.

(5) That the trial judge committed prejudicial error in failing to admonish witnesses not to talk to other witnesses concerning the details of the case on trial.

■ As to the last two assignments it seems sufficient to say that the record does not disclose whether the trial justice did or did not admonish the jurors and witnesses as specified, nor whether a request was made for such an admonition, or exception taken at the time, nor whether any juror or witness was ever accused of having conversed with others about the case during the progress of the trial.

■ The other assignments of error relate to the action of the trial court in admitting as evidence the written confession signed by the defendant. It was claimed by the defense that the defendant signed the written paper without knowledge of its contents, and that he was forced to do so by the threats and physical violence of the police officers who then had him in custody. The lower court heard the testimony of the defendant and the police officers in the absence of the jury, and a copy of their testimony is contained in the record. The court thereupon admitted the confession with the statement (made in the absence of the jury) that it "appears to have been voluntary, and therefore it is admissible for whatever weight and value the jury shall see fit to give to it." It is stipulated in the record that the same witnesses afterwards testified before the jury upon the same subject, and that their testimony was in substance identical with that heard by the court in the jury's absence. The trial court doubtless instructed the jury respecting their duty to determine whether the confession was a voluntary one before considering it as evidence in the case, and that if voluntary it should be given such weight only as the jury found to be its rightful due. The record is silent upon this subject, and the absence of any exception relating thereto may be taken as assurance that no error intervened in that particular.

A reading of the evidence heard by the trial justice respecting the confession convinces us that there was no error in admitting it in evidence under proper instructions. The effect of the evidence in brief is that on the morning after the homicide the appellant went or was brought to the police station; that he then made a statement of the affair in the presence of three police officers; that one of the officers at the time wrote this out in longhand; that a few minutes later a typewriter was brought from an adjacent room and the writing was typed; and that appellant and the three officers then signed it. It is testified by appellant that he did not read the statement or know its contents; that one of the officers during a brief absence of the others from the room accused him of lying, and when appellant protested that he was telling the truth the officer hit him in the mouth and on the chest and shoulders; that his nose began to bleed and he washed the blood from his face before the others returned. Appellant avers that he signed the paper under the influence of fear resulting from this treatment.

The testimony of the police officers is to the effect that appellant's statement was voluntarily made; that before he made it he was cautioned that anything he said might later be used against him; that two of the officers were present in the room all the time, and the third was absent only long enough to go to the other room for the typewriter; that no one struck the appellant; that his nose did not bleed; that he did not wash any blood from his face, nor was there any place in the room for him to do so; that after the statement was typed it was read to appellant and given to him to read; and that he read it and said it was all right.

The conflict of evidence respecting the transaction was wholly between the testimony of the appellant, on one side, and that of the three officers upon the other side. The lower court followed the procedure approved in Wilson v. United States, 162 U. S. 613, 624, 16 S. Ct. 895, 900 (40 L. Ed. 1090), when the court said:

"When there is a conflict of evidence as to whether a confession is or is not voluntary, if the court decides that it is admissible, the question may be left to the jury with the direction that they should reject the confession if upon the whole evidence they are satisfied it was not the voluntary act of the defendant."

■ It may be added that in the course of the examination of Kelsa L. Potts, one of the police officers, several questions were asked

by the prosecution for the purpose of refreshing his recollection concerning the subject of the inquiry. The defense objected to the questions, but the objections were overruled, whereupon exceptions were taken to the court's ruling. This forms the basis of appellant's third assignment of error, supra. We find no error in this ruling of the court. The matter is largely one within the discretion of the trial court, and the court's discretion was rightly used.

Upon a review of the entire record we are constrained to hold that no error appears therein. The judgment of the lower court is therefore affirmed.