## STATE *v.* SEYMOUR

No. 3133

May 7, 1936.                                    57 P. (2d) 390.

*John W. Burrows,* for Appellant:

*Gray Mashburn,* Attorney-General; *W. T. Mathews* and *W. Howard Gray,* Deputy Attorneys-General; and *Ernest S. Brown,* District Attorney, for the State:

**OPINION**

By the Court, DUCKER, C. J.:

The defendant, Arthur B. Seymour, was convicted of the crime of incest. He has appealed from the judgment and the order denying his motion for a new trial.

It is alleged in the information that the offense was committed in the county of Washoe, State of Nevada, on or about October 1, 1934. The mother of the female with whom the defendant is alleged to have committed the crime instituted the prosecution, but for convenience we will refer to the daughter as the prosecutrix.

Defendant insists that the evidence in insufficient to justify the verdict, and that the verdict is contrary to the evidence, in this, that the evidence fails to show that he committed an offense of incest in Washoe County, Nevada. He contends also that there is not sufficient corroboration of the testimony of the prosecutrix, an accomplice. The following facts were

presented in evidence: Defendant and prosecutrix are related as first cousins. The latter was eighteen years of age on the former's trial in July 1935. She had lived with her parents in said city of Sparks all of her life and was never married. Defendant has also lived in that city for a number of years. His parents separated when he was quite young and thereafter he lived at different times with his mother, father, and grandmother. He lived for a while at the home of the prosecutrix. Defendant was married in April 1928. He and his wife separated in April 1934, and she left Sparks and went to Oakland, Calif., taking their young daughter with her. The separation was caused by defendant's attentions to the prosecutrix. The latter testified that between June 1, 1934, and February 15, 1935, she saw defendant quite often in the city of Sparks, county of Washoe, State of Nevada. He came to her home frequently and they were much together within that period. She testified that she had sexual intercourse with him during that time about twice a week, all of which occurred in said city of Sparks. They had such intercourse on one occasion on or about October 1, 1934, in that city at a place where defendant was living, known as the Deer Park Grocery Store. She continued having these relations with him in Sparks until about February 15, 1935, when her mother, who became aware of her pregnancy, took her to a hospital in Oakland, Calif., where she gave birth to a child on June 1, 1935. Defendant is the father of that child.

The testimony of the prosecutrix summarized above, together with other evidence, reveals enough of the legal evidence adduced to support the verdict and judgment.

The mother of the prosecutrix was a witness for the state. She testified that she had been residing with her husband in the city of Sparks for a number of years. She testified that prosecutrix was their daughter, and defendant's father was a brother of her husband. The witness had known defendant for a long time and knew

that he was a married man during the year 1934. He became unduly attentive to her daughter and this was more apparent after witness returned from Lake Tahoe to her home in Sparks on September 14, 1934. She testified that he was in her company frequently; "addressed her as sweetie, and all those affectionate words that lovers use." This unusual conduct between cousins caused the witness to admonish defendant to cease visiting her daughter. He resented her interference and did not discontinue his attentions. She saw defendant in company with her daughter quite often after that. Whenever the daughter went to school, he would accompany her. In February 1935, witness went to the school and found them near there is an automobile. At this time they admitted to her that prosecutrix was pregnant, and defendant confessed to her that he was the cause of it. He said he would marry prosecutrix after he got a divorce. The witness then took her daughter to a hospital in Oakland, Calif., where she gave birth to a child on June 1, 1935, as also testified to by the daughter.

But evidence of defendant's intimacy with the prosecutrix on or about the date alleged in the information is also supplied by the defendant himself. He was a witness in his own behalf. In his testimony he admitted that he was the father of the child, and his knowledge of his relation with prosecutrix as her cousin. After he took his wife to San Francisco on April 27, 1934, he commenced keeping company with prosecutrix. He commenced to love her in 1931 and loved her ever afterwards.

He admitted having sexual intercourse with her in Sacramento, Calif., in September 1934. Later in that year he took her to a hotel in Reno where he engaged a room and signed the hotel register as husband and wife. They remained in that room all night and he sought to relieve her of pregnancy by having her drink a quantity of gin.

The testimony of the mother and defendant does not

disclose any one circumstance tending directly to corroborate the testimony of the prosecutrix, it is true, but this is unnecessary. If circumstances in evidence from sources other than the testimony of the accomplice tend on the whole to connect the accused with the crime charged, it is enough. State v. Streeter, 20 Nev. 403, 22 P. 758; 31 C. J. 388, and cases cited in note 55 supporting the text. The testimony of the mother and the defendant shows a conjunction of opportunity and intimacy extending over a period of time, both before and after the act charged. This led, as appears by his admission, to an act of sexual intercourse shortly prior to the time specified in the information. Not long after that time, as likewise appears from his admission, followed the clandestine association as husband and wife in the room of the hotel in Reno. These circumstances are of sufficient probative force to satisfy the statute as to the corroboration of an accomplice. Collectively, they tend to connect the defendant with the commission of the offense. Section 10978 N. C. L.

■ The weight of the evidence was for the jury. The prosecutrix was also corroborated by the testimony of the mother and defendant as to the other sexual acts.

■ It was objected by the defendant that the testimony of prosecutrix as to such other acts with defendant was inadmissible. We are not of that opinion. Those acts occurring, as she testified, about twice a week, commencing around the 1st of June 1934, and continuing until February of the following year, tended to show the relation and incestuous disposition of the parties, which had a probative bearing upon the probability of the crime having been committed as charged. Prior acts of sexual intercourse are admissible in this class of cases, according to the great weight of authority. People v. Stratton, 141 Cal. 604, 75 P. 166; Lipham v. State, 125 Ga. 52, 53 S. E. 817, 114 Am. St. Rep. 181, 5 Ann. Cas. 66; State v. Pruitt, 202 Mo. 49, 100 S. W. 431, 10 Ann. Cas. 654; Thayer v. Thayer, 101 Mass. 111, 100 Am. Dec. 110; State v. Wallen, 123

Minn. 128, 143 N. W. 119; People v. Skutt, 96 Mich. 449, 56 N. W. 11; 16 C. J. p. 602; 14 R. C. L. p. 38; Wigmore on Evidence (2d ed.) sec. 398. Subsequent acts are within the rule. Thayer v. Thayer, supra; Lawson v. State, 20 Ala. 65, 56 Am. Dec. 182; State v. Witham, 72 Me. 531; Burnett v. State, 32 Tex. Cr. R. 86, 22 S. W. 47; State v. Bridgman, 49 Vt. 202, 24 Am. Rep. 124; State v. Reineke, 89 Ohio St. 390, 106 N. E. 52, L. R. A. 1915A, 138; People v. Koller, 142 Cal. 621, 76 P. 500; Wigmore on Evidence, sec. 398; Bishop on Statutory Crimes, sec. 682. Especially are such acts admissible when, as here, they are connected with anterior acts, thus showing a continuousness of illicit relations.

We have considered all other claims of error made by defendant and find them to be without merit.

The judgment and order denying the motion for a new trial should be affirmed.

It is so ordered.