## LOUIE HUNG v. UNITED STATES.
### No. 9295.
Circuit Court of Appeals, Ninth Circuit.

May 2, 1940.

Rehearing Denied June 7, 1940.

Russell P. Tyler and Marshall B. Woodworth, both of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and S. P. Murman, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellant was convicted of the sale and concealment of smoking opium and he appeals.

In count 1 of the indictment he was charged with the unlawful sale of a tin of opium on April 25, 1939, in violation of the Harrison Narcotic Act, 26 U.S.C.A.Int.Rev.Code §§ 2553, 2557. Count 2 charged him with the fraudulent and knowing concealment of a tin of opium on May 11 of that year, in violation of the Jones-Miller Act, 21 U.S.C.A. § 174. The principal grounds on which reversal is asked are (1) the denial of a motion for a directed verdict, based on the insufficiency of the evidence, (2) entrapment, and (3) refusal of a request to have the jury inspect the premises where the Government claims the offense under count 2 was committed.

After a studious examination of the record we are satisfied that the judgment of conviction should be affirmed. It was shown that on both occasions the narcotic agents supplied a Chinese informer with money and kept him under close observation. On each occasion the informer contacted appellant in Chinatown in San Francisco and was subsequently seen to meet and converse with appellant. Immediately after each transaction the informer was searched. He had parted with the money given him and was in possession of a tin of smoking opium.

While at the time of the first sale the actual delivery was not observed, the evidence leaves no rational ground for belief that the opium was not obtained from appellant. On the second occasion an agent actually saw the exchange of the money for the narcotic. Taking the stand in his own defense appellant admitted meeting the other Chinese at the places and about the times in question. He says the latter asked him to obtain opium but that the request was refused, as appellant was not in the business. On the whole, the evidence is persuasive of appellant's guilt.

The court properly instructed the jury on the subject of entrapment. Woo Wai v. United States, 9 Cir., 223 F. 412; Scriber v. United States, 6 Cir., 4 F.2d 97, 98. The jury were entitled to conclude from the evidence that the intent and purpose to violate the law were present and that the officers had done no more than furnish appellant the opportunity of committing the offense. It is enough to say that the showing of entrapment was not so clear as to entitle appellant to an acquittal as a matter of law.

The scene of the second offense was the hallway of a restaurant at 640 Jackson

Street. The narcotic agent followed appellant and the informer into this hallway and claims to have observed there the exchange of opium for money. He says appellant was standing on the threshold of a doorway leading from the hall into a washroom and the informer stood in the hall facing appellant. The agent estimated the width of the hall at about seven feet, whereas appellant introduced diagrams showing that the corridor was but three and one-half feet wide. During the trial there was some dispute whether substantial changes had been made in the hallway after the commission of the offense and prior to the making of appellant's diagrams, and counsel for appellant requested an inspection of the premises by the jury. The request was denied.

We 'have carefully examined the record on this point. It would seem that the circumstance has taken on an enlarged importance since the trial, owing possibly to the exigencies of the appeal. As we read the evidence, it is apparent that if the agent was in the hallway, as he testified he was, he could readily have observed the transaction between appellant and the informer whether the hall was seven feet wide or only half that width. In either event the participants would be in plain sight. Appellant does not claim he was in the washroom at the time, and thus beyond the range of an observer in the hallway. He merely denies having gone into the corridor at all. No prejudice was suffered by appellant because of the court's refusal to permit an inspection of the premises.

Other points were argued in the brief, but we find no merit in any of them.

Affirmed.