**HODGE v. UNITED STATES.**

No. 7986.

United States Court of Appeals for the District of Columbia.

Decided April 6, 1942.

Mr. Robert I. Miller, with whom Mr. Joseph A. McMenamin, both of Washington, D. C., entered an appearance, for appellant.

Mr. Bernard Margolius, Assistant United States Attorney, with whom Messrs. Edward M. Curran, United States Attorney, and Charles B. Murray, Assistant United States Attorney, all of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

MILLER, Associate Justice.

Appellant was convicted of the crime of incest. Error is assigned in that the District Court (1) admitted evidence of other acts of a similar nature between him and the complaining witness; (2) denied appellant's motion that the jury be allowed to view the premises; and (3) refused instructions which were requested by appellant.

The general rule, applicable in criminal prosecutions, is that evidence of other offenses than that for which the accused is on trial is inadmissible.[1] In prosecutions for sexual offenses, however, there is a well established exception, the theory of which is that as the mental disposition of the defendant at the time of the act charged is relevant, evidence that at some prior time he was similarly disposed is also relevant. Evidence of prior acts between the same parties is admissible, therefore, as showing a disposition to commit the act charged, the probabilities being that the emotional predisposition or passion will continue.[2] Such evidence is admissible not only on authority, but on reason.[3]

After the court had instructed the jury, counsel for appellant requested that the jury be allowed to visit the premises where the offense occurred. Its refusal to grant the request is assigned as error. But whether or not a jury shall be permitted to

[1] Witters v. United States, 70 App.D. C. 316, 318, 106 F.2d 837, 839, 125 A. L.R. 1031.

[2] 2 Wigmore, Evidence (3d ed. 1940) §§ 398, 399, 400.

[3] Weaver v. United States, 55 App.D. C. 26, 29, 299 F. 893, 897 (carnal knowledge); Ohio v. Reineke, 89 Ohio St. 390, 106 N.E. 52, L.R.A.1915A, 138; State v. Seymour, 57 Nev. 35, 40, 57 P.2d 390, 392; Commonwealth v. Bell, 166 Pa. 405, 31 A. 123 (all incest); Note, 62 L. R.A. 193, 329. See Thayer v. Thayer, 101 Mass. 111, 100 Am.Dec. 110 (adultery).

850

view the premises is discretionary with the court.[4] The record in the present case does not disclose abuse of this discretion. We are inclined to think the request for a view was more or less an afterthought and "has taken on an enlarged importance since the trial, owing possibly to the exigencies of the appeal." [5]

The trial judge refused to give a prayer requested by appellant concerning reputation, upon the ground that the subject had been covered in the charge already given to the jury. The record reveals that the instruction given, satisfied the requirements of Egan v. United States,[6] upon which appellant relies.

The complete charge of the court to the jury was not included in the record on appeal.[7] Except as to the instruction on reputation no exception was taken to the charge as given.[8] A careful examination of such parts of the instructions given as do appear in the record satisfies us that the prayers requested by appellant and denied by the court were fully and adequately covered.[9] For all these reasons the contentions of appellant cannot be sustained.

Affirmed.

[4] Neufield v. United States, 73 App.D. C. 174, 187, 118 F.2d 375, 388; Note, 42 L.R.A. 368; 4 Wigmore, Evidence (3d ed. 1940) § 1164.

[5] Louie Hung v. United States, 9 Cir., 111 F.2d 325, 326.

[6] 52 App.D.C. 384, 394, 287 F. 958, 968.

[7] Thomas v. United States, App.D.C., 121 F.2d 905, 910; Williams v. United States, 57 App.D.C. 253, 254, 20 F.2d 269, 270; Johnston v. United States, 9 Cir., 154 F. 445, 449.

[8] Thomas v. United States, App.D.C., 121 F.2d 905, 910; Thompson v. United States, 59 App.D.C. 51, 52, 32 F.2d 947, 948; Cohen v. Evening Star Newspaper Co., 72 App.D.C. 258, 259, 113 F.2d 523, 524; Meyer v. United States, 5 Cir., 220 F. 822, 827; Brown v. United States, 59 App.D.C. 57, 58, 32 F.2d 953, 954.

[9] Thomas v. United States, App.D.C., 121 F.2d 905, 910, 911; Cohen v. Evening Star Newspaper Co., 72 App.D.C. 258, 259, 113 F.2d 523, 524; Hall v. United States, 9 Cir., 48 F.2d 66, 68.