## FURR et al. v. UNITED STATES.
### No. 58.

Municipal Court of Appeals for the District of Columbia.

March 29, 1943.

Dennis Collins, of Washington, D. C. (Daniel B. Maher, of Washington, D. C., on the brief), for appellants.

John P. Burke, Asst. U. S. Atty., of Washington, D. C. (Edward M. Curran, U. S. Atty., and Sylvan Schwartz and Charles B. Murray, Asst. U. S. Attys., all of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

Appellants were convicted of petit larceny.

The evidence disclosed that the complaining witness, one Whitlock, met defendants in a restaurant; that he had had four drinks of gin; that after leaving the restaurant he and the defendant Homer Furr went to a liquor store and purchased a pint of whiskey; that Whitlock and the three defendants went to the home of the defendant Dorothy Pullman where he and Homer Furr had a drink of whiskey; thence they went to another restaurant and from that point all of them went to the apartment of the defendants Furr. As they were leaving the restaurant it was raining and Whitlock gave his overcoat to the defendant Dorothy Pullman; that there

was in his overcoat pocket at that time about $49.50. When they reached the home of Mr. and Mrs. Furr, defendant Pullman started upstairs, still wearing Whitlock's overcoat. He asked her to return it to him because his money was in the pocket. This she failed to do but assured him she would be right back. When she returned the money was missing from his pocket. He demanded its return but defendants claimed they did not have it. A fight ensued.

This appeal is based in part upon admission of evidence concerning the details and consequences of that fight.

Early in the trial defense counsel, apprehensive of the danger of prejudice to his clients if evidence of the fight were admitted, explained this to the trial judge at the bench out of the hearing of the jury and asked that such evidence be excluded. The judge declined to rule on the proposition until the evidence was introduced. When it was about to be introduced defense counsel renewed his objection but it was overruled on the ground that it was an inseparable part of the transaction. Over objection Whitlock was permitted to testify that when he insisted upon the return of his money defendant Homer Furr drew a knife and stabbed him; a fight followed and both Whitlock and Homer Furr went into the front yard where the fight continued; that Furr stabbed him again; that after the fight he went to a nearby grocery store and lost consciousness. From that point on the evidence seemed to center principally around the nature and character of the assault, and whether the wound on Whitlock's head was caused by a knife or by falling over a fence. A police officer was permitted to testify that he found Whitlock in the grocery store, covered with blood, lying on the floor. He described the cut in his head and the knife allegedly used by Furr in the stabbing.

The prosecution was also permitted to produce the physician who treated Whitlock at the hospital and to offer his opinion that the wound on the patient's head had been inflicted by a keen instrument such as a knife (contrary to defendants' contention that it was caused by a fall against a fence). In our opinion all this evidence was erroneously admitted.

Defendants were charged with larceny and not with assault; and yet a

major part of the trial was devoted to testimony of a quite harrowing nature concerning the nature of the assault and its bloody consequences. This was plainly prejudicial for it introduced into the case a new and unrelated line of evidence against which defendants could not reasonably have been expected to defend themselves. The evidence of assault could hardly have been more graphic or exhaustive if they had actually been charged with assault instead of merely larceny. And yet the larceny if any, was complete before a blow had been struck. Admittedly it did not occur during the fight or afterwards. Proof of a crime different than the one charged should never be admitted unless there is a plain logical connection between the two or unless it be clear that proof of one tends directly to establish the other. No defendant should be compelled to disprove two offenses instead of one, when only one is charged; especially when, as here, it did not tend to show intent, motive, scheme or identity. Martin v. United States, 75 U.S.App.D.C. 399, 127 F.2d 865, decided May 4, 1942.

"To permit such evidence would be to * * * crush him by irrelevant matter which he could not be prepared to meet." [1]

Defense counsel made a third and final effort to keep the issues confined to the larceny charge by requesting the court to instruct the jury to disregard entirely the evidence of any other crime that they might find had been committed by defendants. This was refused. Instead the jury was instructed: "If you find that another offense was committed by the defendants, or any of them, you are not to consider that fact as *conclusive* to show that the defendants are guilty of larceny. You must find that larceny was committed. The defendants are only charged with the offense of larceny *at this time*. The evidence relating to the assault simply *goes to the general picture,* and you must find that the defendants are guilty of larceny beyond a reasonable doubt. *To that extent you are to disregard the testimony of any assault*." (Italics supplied.)

Since this type of evidence of assault was not only not "conclusive" but, as we have said, entirely inadmissible, it did not

assist the jury to tell them that the defendants were only charged with larceny "at this time" or to say, "to that extent you are to disregard the testimony of any assault"; or that such evidence "goes to the general picture". This language did not contribute to clarity, and certainly did nothing to dissipate the confusion introduced into the case by the erroneously admitted evidence.

 It has been contended that not every item of the improper evidence was objected to separately at the trial. But we think defendants made their point clear enough at the outset of the trial, and again at the time the line of testimony was embarked on, and in the requested instruction at the end of the whole case. Even if this were not so and even if it had not been properly preserved for review or assigned as error here, it is so serious and plainly prejudicial, that we have the right to notice and correct the error.[2]

Other errors have been assigned and argued, but these we do not consider or decide, in view of the disposition we are making on the other grounds.

Reversed and remanded with instructions to award a new trial.

---

[1] Bishop, New Crim. Proc. secs. 1120–1124. Cited by Stephens, J., in his concurring opinion in Martin v. United States, supra.

[2] Lindsey v. United States, App.D.C., 133 F.2d 368, decided December 1, 1942.