## POSEY v. UNITED STATES.
### No. 247.

Municipal Court of Appeals for the District of Columbia.

Feb. 16, 1945.

Robert I. Miller and Joseph A. McMenamin, both of Washington, D. C., for appellant.

Andrew J. Howard, Asst. U. S. Atty., of Washington, D. C. (Edward M. Curran, U. S. Atty., and John P. Burke, Asst. U. S. Atty., both of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

Appellant was convicted of assault of an indecent nature on a ten year old boy. Two errors are assigned.

The first error claimed is that the victim of the assault was not competent to testify, because when preliminarily questioned by the trial court he stated he did not know the difference between right and wrong and did not know the meaning of an oath. The record discloses the following:

"Eugene Williams of 724 6th Street, N. E., Washington, D. C., stated that he was ten years old; that he knew the difference between telling a lie and telling the truth; that he did not know the difference between right and wrong; that he did not know what an oath was; but upon inquiry as to what did happen to him if he did not tell the truth he said that he would be whipped. Counsel for the defendant ob-jected on the grounds that the witness was not qualified to testify but the court over-ruled the objection and exception was noted."

The competency of a child as a witness "depends on the capacity and in-telligence of the child, his appreciation of the difference between truth and falsehood, as well as of his duty to tell the former." Wheeler v. United States, 159 U.S. 523, 524, 16 S.Ct. 93, 40 L.Ed. 244. There is no arbitrary test and the court may resort to any examination which will tend to disclose the capacity and intelligence of the proposed witness and his understanding of the obligations of an oath. Wheeler v. United States, supra. All the cases agree that the question is one primarily for the trial judge, whose decision will not be disturbed on appeal unless shown to be clearly erroneous.

Here the child said he did not know the difference between right and wrong, and it has been held and repeated in this jurisdiction that the child should have "a just appreciation of the difference between right and wrong." Williams v. United States, 3 App.D.C. 335, 340; Beausoliel v. United States, 71 App.D.C. 111, 113, 107 F.2d 292, 294. However, we do not think the child's negative answer to the question necessarily disqualified him as a witness. Upon such an inquisition the trial court is no more bound by a negative answer than by an affirmative one. Whatever the answer, the court must reach a decision on the whole examination, including its observation of the child and his manner and conduct while under examination. Many an intelligent adult would hesitate before claiming an understanding of the difference between right and wrong—at least without some preliminary definition of the terms. Philosophers, theologians and moralists have dealt with this subject at length and have not always reached the same conclusion. King Solomon's wise request of the Lord was for an understanding to discern between good and evil.

It is easily understandable that this ten year old boy, in a strange and embarrassing setting would give negative answers to abstract questions concerning the difference between right and wrong or the nature of an oath, and yet at the same time have sufficient capacity for observation, recollection and communication, plus a consciousness of the duty to tell the truth, to fully

qualify him as a witness. See 1 Wigmore on Evidence, 2d Ed., sec. 506, quoted in Beausoliel v. United States, supra. The average child is far better qualified to truthfully testify to facts than to answer abstract questions concerning his mental and moral capacities. The books are full of cases where children considerably younger than this witness have been permitted to testify. We find no reason for disturbing the ruling of the trial court.

The second error claimed is the admission of testimony of other assaults prior to and subsequent to the offense for which the appellant was on trial. The information charged appellant with an assault committed on September 15, 1944. The prosecuting witness was permitted to testify that he went with appellant to the latter's apartment on September 14 and spent the night there and appellant made indecent proposals to him; that witness stayed in appellant's apartment on the night of the 15th when the assault charged was committed; and that on the 16th appellant again attempted to commit an indecent act with witness. It is not clear from the record whether the acts of appellant on the 14th and 16th amounted to assaults or were mere proposals or attempts, but appellant contends that the evidence of what transpired on those two days constituted admission of proof of other offenses than the one for which he was charged and tried.

A person cannot be convicted of one offense by proof that he committed another, and the general rule is that evidence is inadmissible which tends to prove the accused committed a crime other than the one charged in the indictment or information. But this general rule has its exceptions. For cases illustrating both the rule and the exceptions, see Martin v. United States, 75 U.S.App.D.C. 399, 127 F.2d 865; Witters v. United States, 70 App.D.C. 316, 106 F.2d 837, 125 A.L.R. 1031; Laughlin v. United States, 67 App.D.C. 355, 92 F.2d 506; Kidwell v. United States, 38 App.D.C. 566; Burge v. United States, 26 App.D.C. 524; Furr v. United States, D.C.Mun.App., 32 A.2d 111.

One exception relates to sexual offenses. In Hodge v. United States, 75 U.S.App.D.C. 332, 126 F.2d 849, the court said:

"The general rule, applicable in criminal prosecutions, is that evidence of other offenses than that for which the accused is on trial is inadmissible. In prosecutions for sexual offenses, however, there is a well established exception, the theory of which is that as the mental disposition of the defendant at the time of the act charged is relevant, evidence that at some prior time he was similarly disposed is also relevant. Evidence of prior acts between the same parties is admissible, therefore, as showing a disposition to commit the act charged, the probabilities being that the emotional predisposition or passion will continue. Such evidence is admissible not only on authority, but on reason."

While the charge in the instant case is technically one of assault, the offense was of a sexual nature and we think the evidence of what occurred on the preceding and subsequent days comes within the exception stated in the Hodge case. That decision refers only to prior acts but we see no logical basis for excluding a subsequent act when so closely related in time and place. See People v. Troutman, 187 Cal. 313, 201 P. 928; State v. Stitz, 111 Kan. 275, 206 P. 910; State v. Shtemme, 133 Minn. 184, 158 N.W. 48; State v. Seymour, 57 Nev. 35, 57 P.2d 390; State v. Reineke, 89 Ohio St. 390, 106 N.E. 52, L.R.A.1915A, 138.

Another exception permits evidence of a separate offense when the several offenses are so closely connected in time and locality as to be but parts of a single continuing transaction. In Bracey v. United States, App.D.C., 142 F.2d 85, 87, certiorari denied, 322 U.S. 762, 64 S.Ct. 1274, the court said:

"The general rule is that, upon the trial of an accused person, evidence of another offense, wholly independent of the one charged, is inadmissible. However, there are many well established exceptions to this rule, raised by the special circumstances of particular cases; to the end that all relevant facts and circumstances tending to establish any of the constituent elements of the crime of which the defendant is accused may be made to appear. Thus, evidence of other criminal acts has been held admissible by this court when they are so blended or connected with the one on trial as that proof of one incidentally involves the other; or explains the circumstances thereof; or tends logically to prove any element of the crime charged. Such evidence is admissible if it is so related to or connected with the crime charged as to establish a common scheme or purpose so

associated that proof of one tends to prove the other, or if both are connected with a single purpose and in pursuance of a single object; as well as to establish identity, guilty knowledge, intent and motive."

This exception has often been applied in trials for sexual offenses but is not confined to crimes of that nature. See Horn v. State, 102 Ala. 144, 15 So. 278; Waters v. Commonwealth, 250 Ky. 302, 62 S.W.2d 1027; Mitchell v. State, 178 Md. 579, 16 A. 2d 161; State v. Katz, 266 Mo. 493, 181 S.W. 425; State v. Weitzel, 157 Or. 334, 69 P.2d 958; State v. McDowell, 61 Wash. 398, 112 P. 521, 32 L.R.A.,N.S., 414, Ann. Cas.1912C, 782; State v. Priest, 132 Wash. 580, 232 P. 353.

The record shows that what transpired between appellant and the prosecuting witness on the three consecutive days was so closely connected in purpose and character and so interwoven as to constitute composite parts of a single picture. In proving the offense on the day of the fifteenth we think evidence of what occurred on the prior and subsequent days was competent and relevant, even though it may have revealed separate and distinct offenses on those days.

Affirmed.