## HOOVER et al. v. DISTRICT OF COLUMBIA.

### No. 268.

Municipal Court of Appeals for the District of Columbia.

May 25, 1945.

---

[1] Cf. Peterson v. Peterson, S.D., 17 N.W.2d 920.

Robert I. Miller, of Washington, D. C., for appellants.

Vernon E. West, Principal Asst. Corporation Counsel, of Washington, D. C., with whom Richmond B. Keech, Corporation Counsel, and John J. Donnelly, Jr., Asst. Corporation Counsel, both of Washington, D. C., were on the brief, for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

Appellants were charged with keeping and selling alcoholic beverages on two separate dates, without a license.[1] The court directed a verdict of acquittal as to the first date. The jury found them guilty of the offense charged on the second date. Three errors are assigned.

1. Over objection testimony was permitted that defendant Lilly Hoover came from an adjoining bedroom into the room where the liquor was being sold and consumed, and joined in a crap game. Her counsel argues that this amounted to allowing proof of a separate and distinct offense. We view the matter differently.

Ordinarily it is improper to allow evidence of a crime wholly independent of that with which a defendant stands charged. Ryan v. United States, 26 App.D.C. 74, 6 Ann.Cas. 633; Laughlin v. United States, 67 App.D.C. 355, 92 F.2d 506; Martin v. United States, 75 U.S.App.D.C. 399, 127 F.2d 865. Earlier we followed the same rule. Furr v. United States, D. C. Mun. App., 32 A.2d 111. That was a petit larceny case which we reversed because extensive evidence was received, and in great detail, concerning a prolonged and brutal assault not only at the time of the alleged larceny but as an aftermath thereof and outside the house where the alleged larceny occurred. We pointed out that a major part of the trial had been devoted to evidence of the assault, which really overshadowed in character and volume the evidence as to larceny.

This situation is very different. Here the defendant Lilly Hoover was identified as the person who paid rent for the house and the one by whose bedside whiskey and marked money were found. It was, therefore, not improper to show that at or near the time of the sale by her codefendant she joined in a crap game in the room where the sale took place. It was necessary that the Government prove her connection with the offense charged. It was proper to prove her physical presence on the premises, and in the very room where the liquor was kept, sold and consumed. And it was not improper to show incidentally what she was doing there. There was no elaboration as to the extent of the crap game, how long it lasted, or indeed whether any money stakes were in-

[1] Code 1940, 25—109.

volved. This was not prejudicial evidence. The prosecution was not precluded from proving a criminal act "so blended or connected with the one on trial as that proof of one incidentally involves the other." Bracey v. United States, U.S.App.D.C., 142 F.2d 85, 88, certiorari denied 322 U.S. 762, 64 S.Ct. 1274, 88 L.Ed. 1589. Compare Posey v. United States, D.C.Mun.App., 41 A.2d 300. The Supreme Court, in Moore v. United States, 150 U.S. 57, 14 S.Ct. 26, 27, 37 L.Ed. 996, has stated the rule as follows: "Where the question relates to the tendency of certain testimony to throw light upon a particular fact, or to explain the conduct of a particular person, there is a certain discretion on the part of the trial judge which a court of errors will not interfere with, unless it manifestly appear that the testimony has no legitimate bearing upon the question at issue, and is calculated to prejudice the accused in the minds of the jurors."

This language has been quoted in Fall v. United States, 60 App.D.C. 124, 49 F.2d 506. See also Ryan v. United States, 26 App.D.C. 74, 6 Ann.Cas. 633; Borum v. United States, 61 App.D.C. 4, 56 F.2d 301.

It should be noted that this evidence related to the occasion of the first offense charged, as to which there was later a directed verdict. It is also proper to mention that the trial judge had first refused to direct such a verdict and did not announce that he would do so until after arguments to the jury had been completed and he had commenced to instruct the jury. This may account for the failure of counsel to move to strike such evidence. Also it may have been due to oversight that the judge, after he had decided to take from the jury the charge as to the earlier date, did not strike all evidence relating to the first of the two dates involved. But he did tell the jury plainly enough that he was submitting to them only the later offense. In any event, however, we think the evidence was not prejudicial.

■ 2. Appellants charge error in the admission of testimony that the raiding officers, who came upon the premises after the first group of officers had made their purchases, were there pursuant to a search warrant. Defense counsel objected to the admission of bottles of liquor and marked money on the ground that the search warrant had not been produced in evidence. We think there was no error in receiving the evidence. Defendants had not moved to suppress during the more than two weeks between arraignment and trial. This would have been normal procedure.[2] Nor was any reason advanced in the trial court or here for failure to make such motion. Moreover since the offense had been committed in the actual view of at least three of the police officers the arrest was lawful. "The arrests being lawful, it was equally lawful to search the place and to use the incriminating things found as evidence in the prosecution * * *."[3]

■■ 3. As a third ground for reversal appellants point to the failure of the Government to offer specific proof that the offenses were committed in the District of Columbia. The police officers gave the location of the house as 601 New Jersey Avenue or 601 New Jersey Avenue, N. W. But no witness said the house was in the District of Columbia. Probably it would have been more satisfactory to prove by one or more witnesses that the house was within the jurisdictional limits of the court; "but venue may be proved by circumstances and inferences and the commonly accepted meaning of words as well as by precise description." George v. United States, 75 U.S.App.D.C. 197, 125 F.2d 559, 563. In the case just cited the proof of venue was identical with this, except for the additional fact (which was not stressed by the court) that there the defendant's confession was on its face taken at the "Office of The Robbery Squad, Metropolitan Police Department, Washington, D. C."

Affirmed.

[2] Nardone v. United States, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307; Segurola v. United States, 275 U.S. 106, 48 S.Ct. 77, 72 L.Ed. 186; Harris v. United States, D.C.Mun.App., 32 A.2d 101; Darnall v. United States, D.C.Mun.App., 33 A.2d 734, and cases there cited.

[3] Beard v. United States, 65 App.D.C. 231, 82 F.2d 837, 841, certiorari denied 298 U.S. 655, 56 S.Ct. 675, 80 L.Ed. 1382; Collins v. United States, D.C.Mun.App., 41 A.2d 515.