## PRICE v. DISTRICT OF COLUMBIA.
### No. 517.

Municipal Court of Appeals for the
District of Columbia.

July 31, 1947.

Charles H. Garlock and Robert I. Miller, both of Washington, D. C., for appellant.

Edward A. Beard, Asst. Corporation Counsel, of Washington, D. C. (Vernon E. West, Corporation Counsel, and Chester H. Gray, Principal Asst. Corporation Counsel, both of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

This is an appeal from a conviction of operating a motor vehicle while under the influence of intoxicating liquor.[1]

A Government witness testified that on January 9 at or about 11 p. m. he was standing near a parked automobile and saw a moving automobile strike the parked vehicle and continue on without stopping, that he took the tag number of the striking car and gave it to the police, that he saw the operator of the striking car; and at trial he identified the defendant as the operator. A police officer testified he found a headlight rim and a hub cap near the scene of the collision. Two police officers testified that between 11 and 11:25 p. m. on the same evening they found the defendant behind the wheel of his car in front of his home, that the key was in the ignition and defendant was slumped over the wheel, and in their opinions defendant was then under the influence of intoxicating liquor. One of

---

[1] Code 1940 (Supp. V), § 40—609(b).

the officers also testified that a headlight rim and hub cap were missing from defendant's car and those picked up at the scene of the collision matched the missing parts. Two other police officers, who saw defendant at the police precinct to which he was taken, testified in their opinions defendant was then under the influence of intoxicating liquor.

In addition to the above testimony, the two officers who found defendant testified defendant said he had been driving his car, that another vehicle had collided with his car but had not stopped, that he had been drinking gin before 5 p. m. and later in the evening had drunk a bottle of wine.

Defendant did not take the stand and offered no evidence on his behalf.

■ Defendant's first point on appeal is that there was error in permitting evidence to be received showing offenses not charged in the information. This argument is based on the claim that the evidence tended to show defendant guilty of the offenses of "colliding" and leaving after colliding,[2] in addition to the offense for which he was charged. This assignment is without merit. Appellant relies on the basic proposition, as illustrated by Martin v. United States, 75 U.S.App.D.C. 399, 127 F. 2d 865, that in a criminal case evidence of offenses other than the one charged is not admissible. This general principle has many exceptions, one being that evidence of other criminal acts is admissible "when they are so blended or connected with the one on trial as that proof of one incidentally involves the other; or explains the circumstances thereof; or tends logically to prove any element of the crime charged." Bracey v. United States, 79 U.S.App.D.C. 23, 26, 142 F.2d 85, 88, certiorari denied, 322 U.S. 762, 64 S.Ct. 1274, 88 L.Ed. 1589.[3] The evidence here admitted comes within that exception. The colliding and leaving after colliding were part and parcel of the driving while under the influence of intoxicating liquor. Proof of the latter necessarily but incidentally included proof of the former.

■ The second claim of error is that in charging the jury, the trial court without request from defendant referred to defendant's failure to take the stand and instructed the jury that no inference of guilt could be drawn from such failure. Appellant did not at trial and does not now question the correctness of the charge given, but asserts he did not wish or request such charge and that the giving of it emphasized that which defendant did not wish brought to the attention of the jury. There is some logic in defendant's contention. When it is conceded, as is well established in federal jurisdictions, that a defendant is not compelled to testify and is entitled to have no comment made on his failure to testify, it is conceivable that a defendant may feel that any reference to such failure, however made and by whomever made, constitutes prejudicial comment. Some federal courts have held that it is better practice to refrain from giving the charge unless requested by the defendant.[4] However, we have found no federal case holding that giving the charge without request from the defendant constitutes reversible error. The United States Court of Appeals for this District has ruled directly to the contrary. In Smith v. United States, 72 App.D.C. 187, 189, 112 F.2d 217, 219, certiorari denied, 311 U.S. 663, 61 S.Ct. 20, 85 L.Ed. 425, it said: "Counsel objected also to the fact that the judge told the jury that they should draw no unfavorable inference from the failure of the accused to testify in their own behalf. This instruction is one which the court is required to give at the instance of the accused. Wilson v. United States, 149 U.S. 60, 67, 13 S.Ct. 765, 37 L.Ed. 650. That it was given in this case on the court's own motion does not make it any the less proper."

■ Appellant's final point is that the trial court refused to charge that there can be no conviction of an accused in a criminal

---

2 Code 1940 (Supp. V), § 40—609 (a).

3 See also Hoover v. District of Columbia, D.C.Mun.App., 42 A.2d 730; Posey v. United States, D.C.Mun.App., 41 A.2d 300; Furr v. United States, D.C.Mun. App., 32 A.2d 111.

4 Becher v. United States, 2 Cir., 5 F.2d 45, certiorari denied, 267 U.S. 602, 45 S.Ct. 462, 69 L.Ed. 808; Kahn v. United States, 6 Cir., 20 F.2d 782; see also Michael v. United States, 7 Cir., 7 F.2d 865.

case upon an uncorroborated confession without first proving the corpus delicti. Assumming the requested charge correctly stated the law,[5] it was not applicable to this case and, therefore, there was no error in not granting it. The testimony as to the manner in which the car was driven, the identification of defendant as the driver, and the condition of defendant a short time thereafter, as reported by the officers, was sufficient evidence, independent of defendant's statement, to support a verdict of defendant's guilt beyond a reasonable doubt. The trial court charged the jury on presumption of innocence, burden of proof and reasonable doubt, and there was no error in denying the requested charge.

Affirmed.

---

[5] The law on the subject is set forth more accurately and in greater detail in Ercoli v. United States, 76 U.S.App.D. C. 360, 131 F.2d 354.