**MILLER v. UNITED STATES.**
No. 11640.

United States Court of Appeals
District of Columbia Circuit.

Argued June 15, 1953.

Decided Aug. 3, 1953.

**34**

Mr. Mac Asbill, Jr., Washington, D. C., for appellant (appointed by the court).

Mr. Samuel J. L'Hommedieu, Jr., Asst. U. S. Atty., Washington, D. C., with whom Messrs. Leo A. Rover, U. S. Atty., and John D. Lane, and William J. Peck, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Messrs. Charles M. Irelan, U. S. Atty., and William R. Glendon, Asst. U. S. Atty., Washington, D. C., at time record was filed, entered appearances for appellee.

Before EDGERTON and PRETTY-MAN, Circuit Judges.*

EDGERTON, Circuit Judge.

Appellant was convicted of assault with intent to commit carnal knowledge, under an indictment which charged that on or about June 9, 1952, he carnally knew a girl under sixteen and about four-teen years old. He was acquitted on a different count of the indictment which charged that he was the child's father and committed incest with her.

The child testified that the appellant had sexual intercourse with her on June 9 and many previous occasions and that he attempted but failed to do so on June 10. He denied all her charges and also denied that he was her father.

We have held that in trials for sexual offenses, evidence of similar prior acts between the same parties is admissible as showing a disposition to commit the act charged. Hodge v. United States, 75 U.S.App.D.C. 332, 126 F.2d 849. The principal applies to subsequent acts. Posey v. United States, D.C.Mun.App., 41 A.2d 300.

Appellant's counsel argues that (1) since the child testified to intercourse on the 9th and to an assault on the 10th, the jury's verdict meant that the appellant committed an assault on the 10th; (2) appellant had no fair opportunity to defend himself against a charge of assault on the 10th, because the prosecutor did not contend at the trial that any crime punishable under the indictment occurred on any day except the 9th; and (3) the conviction must therefore be reversed. This argument requires thoughtful consideration. But both premises (1) and (2) are essential to the conclusion. The second premise is correct but we think the first is erroneous.

As the court told the jury, the crime of carnal knowledge includes the crime of assault with intent to commit carnal knowledge. This is not a legal fiction. It is a fact that the law recognizes. Since carnal knowledge of a child includes an assault with intent to commit it, the testimony that appellant committed carnal knowledge on June 9 necessarily meant also that he committed an assault with intent on June 9. The jury were entitled to decide that as to the assault with intent this testimony was true beyond a reasonable doubt, even though they doubted whether the com-

---

\* Counsel stipulated that the case might be heard and decided by two judges.

plete crime of carnal knowledge was committed. The fact that they gave appellant the benefit of that doubt is not a ground for reversal. Jurors are not required to believe all or none of a witness' story. If the child had said nothing about June 10, her story about June 9 would have supported appellant's conviction, and it still supports the conviction although she was permitted to describe an assault on June 10.

In his closing statement, appellant's trial counsel twice told the jury emphatically that June 9 was the only date they were concerned with. The case was tried on this theory and went to the jury on this theory. Neither the prosecutor nor the court at any time called it in question. We see no reason to doubt that the jury understood it.

We think the child's testimony was sufficiently corroborated within the rule of Kidwell v. United States, 38 App. D.C. 566 and Ewing v. United States, 77 U.S.App.D.C. 14, 135 F.2d 633, certiorari denied, 318 U.S. 776, 63 S.Ct. 829, 87 L. Ed. 1145. A welfare worker testified (1) that she told the appellant on March 17 that the child said she was afraid of him because he made sexual advances and (2) that although he denied making advances and denied the child had reason to be afraid, he volunteered "that he wanted to take what he called an oath that he would not touch Roberta again or make—and leave her management entirely up to the mother." The child complained to the police immediately after the attack of June 10. She cried in their presence. Some time after the police arrived at his house on June 10 appellant came out of the vacant cellar of a neighboring house. Medical examination of the child showed either intercourse or instrumentation although not when it occurred. Finally, the working times of appellant and of his wife gave him almost daily opportunity for the long course of conduct to which the child testified.

Appellant's other contentions do not require discussion.

Affirmed.